99 P.3d 418 (2004)
STATE of Washington, Respondent,
v.
Patricio MARTINEZ, Appellant.
No. 31217-4-II.
Court of Appeals of Washington, Division 2.
October 26, 2004.
John Michael Sheeran, Attorney at Law, Pierce Cty Prosecutor S, Tacoma, WA, for Respondent.
Mary Katherine Young High, Attorney at Law, Tacoma, WA, for Appellant.
HUNT, J.
Patricio Martinez appeals his conviction for unlawful delivery of a controlled substance to a minor, Count II, and his sentences for Counts II and III, possession with intent to deliver a controlled substance to a minor.[1] He argues that (1) the evidence was insufficient to support the charge of unlawful delivery of a controlled substance; and (2) the State charged him with legally identical offenses involving the same substance and transaction, violating the double jeopardy clause of the Fifth Amendment[2] and the state constitution.[3] The State concedes that Martinez's conviction on Count II, the delivery charge, constitutes double jeopardy and asks us to remand with instructions to reverse Count II, and to resentence Martinez on the remaining conviction, Count III, possession with intent to deliver.
*419 Holding that the evidence failed to show Martinez relinquished possession of the substance during the charged delivery, we reverse and dismiss with prejudice his conviction for unlawful delivery, Count II. Accordingly, we do not address the issue of double jeopardy.

FACTS

I. THE INCIDENT
On August 26, 2003, 14-year-old C.S. was walking to a gas station near her home when Martinez approached her, asked her to have sex with him (or so she thought) in Spanish, and placed in her open hand a plastic bag that she believed contained drugs.[4] He did not release the bag, however, because she immediately shoved the bag back at him.
C.S. reported the incident to the Dupont police. A few minutes later, Dupont Officer Mathison arrived and drove C.S. around the area. C.S. identified Martinez as the man who had approached her.
The officer searched Martinez, finding a plastic bag containing a small amount[5] of white powder. Martinez spontaneously identified the substance as cocaine. The officer arrested him. Within 45 minutes of her contact with Martinez, C.S. wrote a statement for the police, which did not mention that Martinez had attempted to give her drugs.

II. PROCEDURE
The State charged Martinez with one count of unlawful delivery of a controlled substance to a minor with sexual motivation (Count II), and one count of possession with intent to deliver a controlled substance to a minor with sexual motivation (Count III), contrary to RCW 69.50.401(a)(1)(i), RCW 69.50.406(a) and RCW 9.94A.030.[6]
At trial, Martinez testified that (1) he had possessed the cocaine, but it was for his personal use; (2) he had not shown it to C.S.; rather, (3) he had only held it loosely in his hand as he walked past her.
Following the close of the State's case, Martinez moved to dismiss the charge of possession with intent to deliver a controlled substance, Count III. He argued that the elements of Count III were included in delivery, Count II; therefore, Count III should merge with Count II, and the trial court should instruct the jury on Count II only. The trial court also questioned whether these two counts could be charged in the alternative and asked whether a finding of guilt on Count II would incorporate Count III and result in double charging. But it agreed with the State that this was a sentencing issue and denied the motion.
During its deliberations, the jury asked for additional clarification of the term "constructive transfer." The court refused further instruction. The jury convicted Martinez of both counts but without sexual motivation.
Martinez filed a motion for judgment not withstanding the verdict under CrR 7.4(a), again arguing lack of evidence to establish delivery, which the trial court denied.[7] Neither he nor the court mentioned the merger issue he had raised earlier.
The trial court imposed concurrent, standard-range sentences on Counts II and III. Martinez appeals.

ANALYSIS

I. SUFFICIENCY OF EVIDENCE
Martinez argues the evidence was insufficient to support his delivery conviction. We agree.

A. Standard of Review
When reviewing an evidentiary challenge, we view the evidence in a light most *420 favorable to the State to determine whether any rational trier of fact could have found the essential elements of the crime beyond reasonable doubt. State v. Rempel, 114 Wash.2d 77, 82, 785 P.2d 1134 (1990); State v. Green, 94 Wash.2d 216, 221, 616 P.2d 628 (1980); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).
We give deference to "the trier of fact who resolves conflicting testimony, evaluates the credibility of witnesses and generally weighs the persuasiveness of the evidence." State v. Walton, 64 Wash.App. 410, 415-16, 824 P.2d 533, review denied, 119 Wash.2d 1011, 833 P.2d 386 (1992). Direct and circumstantial evidence are equally reliable, State v. Delmarter, 94 Wash.2d 634, 638, 618 P.2d 99 (1980).

B. Elements of Crime
The State bears the burden of proving each element of the charged offense beyond a reasonable doubt. The State had to prove that Martinez (1) delivered a controlled substance, and (2) knew the delivered substance was controlled. State v. Evans, 80 Wash. App. 806, 814 n. 17, 911 P.2d 1344, review denied, 129 Wash.2d 1032, 922 P.2d 97 (1996); RCW 69.50.401(a); 11 WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL § 50.06, at 644 (1994).
Previously, we defined the terms "deliver" and "transfer" where the question was whether a buyer is an accomplice to a delivery. See State v. Morris, 77 Wash.App. 948, 896 P.2d 81 (1995). Likewise, we defined "possession" in determining whether a drug transaction middleman's brief handling amounts to possession, and whether the owner or renter of a property possesses drugs discovered on the property. See State v. Werry, 6 Wash.App. 540, 494 P.2d 1002 (1972); see also State v. Weiss, 73 Wash.2d 372, 438 P.2d 610 (1968) (defendant's dominion over house was sufficient evidence for possession charge).
Here, we must determine, as a matter of law, whether Martinez completed delivery of a controlled substance even though he did not relinquish control: After Martinez placed the bag of cocaine in C.S.'s hand, she immediately shoved it back at him. At no time did Martinez remove his hand from the bag.
Washington's Uniform Controlled Substances Act provides: "`Deliver' or `delivery,' means the actual or constructive[[8]] transfer from one person to another of a substance, whether or not there is an agency relationship." RCW 69.50.101(f). Because the statute does not define "transfer," we look to its common dictionary meaning. Citing the dictionary, we have previously interpreted "transfer" to mean "to cause to pass from one person or thing to another," as well as "to carry or take from one person or place to another." State v. Campbell, 59 Wash. App. 61, 64, 795 P.2d 750 (1990), quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2426-27 (1971). The Supreme Court used the following meaning of "transfer" in the context of conveyances under civil statutory law: "To convey or remove from one place, person, etc., to another; pass or hand over from one to another; specif., to make over the possession or control of (as, to transfer a title to land); sell or give." Marino Property Co. v. Port of Seattle, 88 Wash.2d 822, 833, 567 P.2d 1125 (1977), quoting BLACK'S LAW DICTIONARY (4th ed. rev. 1968).
We used the foregoing definitions to determine that "a person who buys drugs does not `transfer', and hence does not `deliver'," because "[t]hese definitions all contemplate that a person who transfers undertakes the active task of relinquishing control to another." Morris, 77 Wash.App. at 951, 896 P.2d 81 (emphasis added). In other words, completing a "delivery," constructive or otherwise, requires the transferor to relinquish possession to the transferee.
C.S. testified that (1) Martinez grabbed her arm and momentarily put the bag of cocaine in the palm of her hand, without letting go of it; and (2) she immediately refused the bag, shoving it back at Martinez. When asked whether she took the bag out of her hand to give it back to Martinez, she *421 replied that she did not because it was always in both of their hands, not in hers alone.[9]
Taking the evidence in the light most favorable to the State, Martinez did not relinquish control of the bag of cocaine to C.S. and her involuntary touching of it was momentary. We hold, therefore, that the evidence was insufficient to support a conviction for completed delivery of a controlled substance.
Accordingly, we dismiss with prejudice Martinez's conviction for unlawful delivery of a controlled substance to a minor, Count II. Having dismissed Count II, we need not address the double jeopardy issue. We affirm Martinez's sentence for Count III, possession with intent to deliver.
We concur: HOUGHTON, P.J., and BRIDGEWATER, J.
NOTES
[1] Contrary to RCW 69.50.401(a)(1)(i), RCW 69.50.406 and RCW 9.94A.030.
[2] U.S. CONST. amend. V
[3] WASH. CONST. art. I § 9.
[4] The Washington State Patrol Crime Lab later identified the substance as cocaine.
[5] At trial, Mathison testified that, in his opinion, the amount of cocaine was indicative of personal use.
[6] The original charge on August 27, 2003, included one count of attempted kidnapping in the first degree with sexual motivation (Count I) and attempted delivery of a controlled substance, contrary to RCW 69.50.706. An amended information filed October 22, 2003, dropped these charges.
[7] Martinez asked the trial court to dismiss the guilty verdict for Count II, and to substitute an alternate verdict of guilty on one count of attempted delivery of a controlled substance to a minor.
[8] "Constructive delivery" is the transfer of a controlled substance belonging to the defendant or under the defendant's control, by some other person or manner at the instance and direction of the defendant.
[9] According to Martinez, he had no contact with C.S. at all.