[No. 80441-9.    En Banc.]
Argued October 14, 2008.    Decided January 28, 2010.

THE STATE OF WASHINGTON, *Respondent*, v. BAYANI JOHN MANDANAS, *Petitioner*.

*Todd Maybrown* and *David Allen* (of *Allen, Hansen & Maybrown PS*); and *Maria F. Torres*, for petitioner.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Dennis J. McCurdy* and *James M. Whisman, Deputies*, for respondent.

¶1 ALEXANDER, J. — A jury convicted Bayani John Mandanas of felony assault and felony harassment, both while armed with a firearm. The trial court ruled that the offenses were not the same criminal conduct for purposes of RCW 9.94A.589(1)(a) (the sentencing statute) and that the firearm enhancements were to run consecutively. The Court of Appeals partially vacated the trial court's ruling, holding that the offenses were the same criminal conduct and that the enhancements were to run consecutively. *State v. Mandanas*, noted at 139 Wn. App. 1017, 2007 WL 1739702, at *10, 2007 Wash. App. LEXIS 1654, at *26, *review granted in part*, 163 Wn.2d 1021, 185 P.3d 1994 (2008).

¶2 Mandanas contends that a sentencing court cannot impose multiple enhancements under RCW 9.94A.533(3)(e) (the enhancement statute) when the offenses are considered the same criminal conduct under the sentencing statute. He also contends that the enhancement statute is ambiguous in these circumstances and that the rule of lenity therefore applies. In the alternative, he claims that the enhancements violate double jeopardy. We reject Mandanas's primary arguments and do not reach his alternative assertion. We accordingly affirm the Court of Appeals.

I

¶3 During an altercation between Mandanas and Carlos Padilla on December 20, 2004, Mandanas punched Padilla in the face, hit him in the head with a gun, and then pointed the gun at Padilla's head and threatened to kill him. Padilla managed to retreat into a medical clinic, but Mandanas followed and again hit Padilla in the head with the gun before fleeing the scene. Mandanas was convicted of one count of felony assault in the second degree and one count

of felony harassment. The trial court sentenced Mandanas to three months' confinement for each offense, with the sentences to be served concurrently. It concluded that the offenses did not constitute the same criminal conduct and imposed a firearm enhancement for each offense, ordering that the enhancements run consecutively to the underlying sentences and to each other.

¶4 The Court of Appeals reversed the trial court in part, vacated Mandanas's sentence, and remanded for resentencing. In relevant part, the Court of Appeals determined that the trial court abused its discretion by holding that Mandanas's offenses did not constitute the same criminal conduct for purposes of the sentencing statute. The Court of Appeals upheld the two consecutive firearm enhancements imposed by the trial court and concluded that the enhancements did not violate double jeopardy. We granted review "only as to the sentencing issue." Wash. Supreme Court Order, *State v. Mandanas*, No. 80441-9 (Apr. 30, 2008).

II

¶5 "Statutory interpretation is a question of law that this court reviews de novo." *State v. Williams*, 158 Wn.2d 904, 908, 148 P.3d 993 (2006) (citing *Am. Cont'l Ins. Co. v. Steen*, 151 Wn.2d 512, 518, 91 P.3d 864 (2004)). "When interpreting any statute, our primary objective is to 'ascertain and give effect to the intent of the Legislature.' " *Koenig v. City of Des Moines*, 158 Wn.2d 173, 181, 142 P.3d 162 (2006) (quoting *Nat'l Elec. Contractors Ass'n v. Riveland*, 138 Wn.2d 9, 19, 978 P.2d 481 (1999)). " 'In order to determine legislative intent, we begin with the statute's plain language and ordinary meaning.' " *Id.* (quoting *Nat'l Elec. Contractors Ass'n*, 138 Wn.2d at 19). If the plain language of a statute is subject to only one interpretation, then our inquiry ends. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007) (citing *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003)). If a statute is subject to more than one reasonable interpretation, it is ambiguous. *State ex rel.*

*M.M.G. v. Graham*, 159 Wn.2d 623, 632, 152 P.3d 1005 (2007). The rule of lenity requires us to interpret an ambiguous criminal statute in favor of the defendant absent legislative intent to the contrary. *State v. Jacobs*, 154 Wn.2d 596, 601, 115 P.3d 281 (2005) (citing *In re Post-sentencing Review of Charles*, 135 Wn.2d 239, 249, 955 P.2d 798 (1998); *State v. Roberts*, 117 Wn.2d 576, 585, 817 P.2d 855 (1991)).

## III

¶6 We must decide whether sentencing courts are statutorily required to impose multiple enhancements where a defendant is convicted of multiple enhancement-eligible offenses that constitute the same criminal conduct under the sentencing statute. Mandanas argues that the legislature did not authorize multiple enhancements where a defendant is sentenced for the same criminal conduct. Pet'r's Suppl. Br. at 10. The State responds that this argument "is not supported by the language of the statutes in question." Suppl. Br. of Resp't at 9. We agree with the State.

¶7 Under the enhancement statute, firearm enhancements are clearly mandatory for all enhancement-eligible offenses irrespective of the terms of the sentencing statute.[1] The enhancement statute provides in relevant part, *"Notwithstanding any other provision of law,* all firearm enhancements under this section are *mandatory,* shall be served in total confinement, and *shall run consecutively* to all other sentencing provisions, including other firearm or deadly weapon enhancements, *for all offenses sentenced under this chapter."* RCW 9.94A.533(3)(e) (emphasis added). We agree with what Justice Madsen has written in another case: "[The enhancement statute] seems to clearly anticipate

---

[1] RCW 9.94A.533(3)(f) identifies the exceptions to the firearm enhancements, stating, "The firearm enhancements in this section shall apply to all felony crimes except the following: Possession of a machine gun, possessing a stolen firearm, drive-by shooting, theft of a firearm, unlawful possession of a firearm in the first and second degree, and use of a machine gun in a felony."

the possibility of multiple enhancements in the case of multiple offenses . . . ." *State v. DeSantiago*, 149 Wn.2d 402, 423, 68 P.3d 1065 (2003) (Madsen, J., concurring in part, dissenting in part) (discussing former RCW 9.94A.510(3)(e) (2000), *recodified as* RCW 9.94A.533(3)(e) (Laws of 2002, ch. 290, §§ 10, 11)). This reasoning is consistent with the provision in subsection (3) of RCW 9.94A.533 that provides, "If the offender is being sentenced for *more than one offense*, the firearm enhancement *or enhancements* must be added to the total period of confinement for *all offenses*, regardless of which underlying offense is subject to a firearm enhancement." (Emphasis added.) The interpretation that Mandanas would have us adopt contradicts the above-quoted plain language of both the enhancement statute and RCW 9.94A.533(3).

¶8 Turning to the sentencing statute, it provides in relevant part:

> [W]henever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. . . . "Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim.

RCW 9.94A.589(1)(a). Thus, by its plain terms, the effect of the sentencing statute is only "for the purpose of the offender score." *Id.* The sentencing statute does not mention or refer to firearm enhancements or the enhancement statute. As our court has previously stated, the sentencing statute "pertains to sentencing for multiple *offenses*, not *enhancements*." *Jacobs*, 154 Wn.2d at 603. There is simply no language in either the sentencing or enhancement statute that is supportive of Mandanas's assertion that the sentencing statute limits the applicability of the enhancement statute.

¶9 Mandanas also argues that the enhancement statute is ambiguous in these circumstances. Pet'r's Suppl. Br. at 14. He contends that we should therefore reverse the Court of Appeals based upon the rule of lenity. *Id.* Given the foregoing analysis, however, the only reasonable interpretation of the statutory provisions we have focused on in this case is that a sentencing court must impose multiple firearm enhancements where a defendant is convicted of multiple enhancement-eligible offenses that amount to the same criminal conduct under the sentencing statute. Thus, there is no ambiguity and, consequently, the rule of lenity has no application here and our inquiry ends.

¶10 Mandanas asserts in the alternative that imposing multiple firearm enhancements for his multiple offenses violates double jeopardy. *Id.* at 15-19. We do not reach this issue because, as noted above, we accepted review as to only the sentencing issue, and thus the double jeopardy question exceeds the scope of our review. RAP 13.7(b).

## IV

¶11 While armed with a firearm, Mandanas committed two offenses. Each offense was eligible for a firearm enhancement. For the reasons stated above, both of Mandanas's enhancements are mandatory and they must be served consecutively. We affirm the Court of Appeals.

C. JOHNSON, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, and STEPHENS, JJ., concur.

¶12 SANDERS, J. (concurring) —

He thought that in the history of the world it might even be that there was more punishment than crime but he took small comfort from it.[2]

¶13 As do I. But I cannot fault the majority's textual analysis. Most of all this case highlights the legal fiction of

---

[2] CORMAC MCCARTHY, THE ROAD 33 (Vintage Int'l 2008).

"legislative intent." Why the legislature would run concurrent sentences for the same criminal conduct but double the firearm enhancement for one incident and one firearm escapes me. This case also illustrates the unhealthy tension that sometimes exists between justice and the law. In a court of law, justice may ultimately be the loser. It surely lost here.

¶14  I concur.

MADSEN, C.J., concurs with SANDERS, J.