234 P.3d 268 (2010)
STATE of Washington, Respondent,
v.
Frederick Eddie McGREW, III, Appellant.
Nos. 37928-7-II, 38488-4-II.
Court of Appeals of Washington, Division 2.
June 29, 2010.
*269 Jeffrey Erwin Ellis, Steven Witchley, Ellis Holmes & Witchley PLLC, Seattle, WA, for Appellant.
Kimberley Ann Demarco, Pierce County Prosecutor's Office, Tacoma, WA, for Respondent.
QUINN-BRINTNALL, J.
¶ 1 A jury found Frederick Eddie McGrew, III guilty of (1) unlawful delivery of a controlled substance (cocaine) while armed with a firearm, count I, a violation of RCW 69.50.401(1), (2)(a) and RCW 9.94A.533; (2) second degree unlawful possession of a firearm, count II, a violation of RCW 9.41.040(2)(a)(i); and (3) bail jumping, count IV, a violation of RCW 9A.76.170. In an amended judgment and sentence, the Pierce County Superior Court sentenced McGrew to a standard range sentence of 100 months *270 plus a 60-month firearm enhancement on count I, 16 months on count II, and 16 months on count IV. McGrew timely appeals, assigning errors related to count I only.
¶ 2 As he did at trial, McGrew challenges the sentencing court's authority to increase his standard range on count I on several grounds. First, he argues the trial court improperly calculated his standard range by including both his current firearm enhancement and conviction for unlawful possession of a firearm, which he argues are the "same criminal conduct." Next, he challenges the trial court's authority to double his standard sentencing range based on a prior drug possession conviction. McGrew also challenges the increased seriousness level of his drug offense under a statutory "deadly weapon" enhancement provision, arguing that the jury's special verdict found that he was armed with a "firearm" rather than with a "deadly weapon." For the first time on appeal, McGrew challenges portions of the Lakewood police officers' testimony relating to common practices of drug dealers possessing guns, arguing that it was improper opinion testimony of his guilt resulting in his unlawful possession of a firearm conviction and firearm enhancement. We affirm.

ANALYSIS
¶ 3 Our review of the record establishes that the Lakewood police officers did not testify regarding their opinion of McGrew's guilt. Moreover, McGrew did not object to their testimonies at trial, thus failing to preserve the issue for review. RAP 2.5(a). We do not review an alleged error raised for the first time on appeal unless it is a "manifest error affecting a constitutional right." RAP 2.5(a)(3); State v. Scott, 110 Wash.2d 682, 686-87, 757 P.2d 492 (1988). The appellant must show actual prejudice in order to establish that the error is "manifest." State v. Munguia, 107 Wash.App. 328, 340, 26 P.3d 1017 (2001) (citing State v. McFarland, 127 Wash.2d 322, 333-34, 899 P.2d 1251 (1995)), review denied, 145 Wash.2d 1023, 41 P.3d 483 (2002). We discern no manifest prejudicial error with regard to the Lakewood police officers' testimonies.
¶ 4 Thus, in this opinion, we focus our discussion on McGrew's arguments that the sentencing court (1) improperly calculated his standard sentencing range, (2) misapplied the maximum sentence doubling provisions of RCW 69.50.408, and (3) erred when determining the seriousness level of his drug conviction.

Standard Sentencing Range Determination/Offender Score
¶ 5 McGrew contends that unlawful possession of a firearm and unlawful delivery of a controlled substance while armed with a firearm are the "same criminal conduct" and that the sentencing court improperly calculated his offender score as a 4 rather than as a 3. He argues that the jury's firearm enhancement special verdict suggests that he was convicted of unlawfully possessing the firearm to facilitate his unlawful delivery of a controlled substance and, therefore, the requirements for finding that the two offenses were the "same criminal conduct" have been satisfied. The State points out that the firearm enhancement is neither a separate crime nor an element of the underlying crime and that the definition of "same criminal conduct" applies only to the character and elements of the underlying crime of conviction. We agree with the State and affirm the sentencing court's calculation of McGrew's offender score and determination of the applicable standard sentencing range.[1]
¶ 6 Two or more crimes constitute the "same criminal conduct" for purposes of sentencing when each is committed (1) with the same criminal intent, (2) at the same time and place, and (3) against the same victim. RCW 9.94A.589(1)(a). We narrowly construe the definition of "same criminal conduct" and require proof of all three elements to support a "same criminal conduct" determination. State v. Vike, 125 Wash.2d 407, 410, 885 P.2d *271 824 (1994). In deciding whether different crimes encompass the same criminal conduct for sentencing purposes, the focus is on whether the objective criminal intent of the offense changes from one crime to the next and whether one crime furthered the commission of the other. State v. Burns, 114 Wash.2d 314, 318, 788 P.2d 531 (1990); State v. Dunaway, 109 Wash.2d 207, 215, 743 P.2d 1237, 749 P.2d 160 (1987).
¶ 7 McGrew appears to acknowledge that the definition of "same criminal conduct" is narrowly construed to disallow most assertions of same criminal conduct and that we review a defendant's criminal intent objectively rather than subjectively. State v. Flake, 76 Wash.App. 174, 180, 883 P.2d 341 (1994); Dunaway, 109 Wash.2d at 215, 743 P.2d 1237, 749 P.2d 160. Nevertheless, he asserts, "When [the] comparison is made, it is overwhelmingly clear that the gun enhancement and the gun conviction share the same intentthe unlawful possession of a gun." Br. of Appellant at 24. His argument overlooks a threshold point that the State correctly raisesthis court, at least in the context of a related subsection of the sentencing enhancement statute, RCW 9.94A.533(5), has previously held that a sentencing enhancement is neither a separate sentence nor a separate substantive crime. State v. Eaton, 143 Wash.App. 155, 160, 177 P.3d 157 (2008) (citing In re Post Sentencing Review of Charles, 135 Wash.2d 239, 253, 955 P.2d 798 (1998)), aff'd, 168 Wash.2d 476, 229 P.3d 704 (2010). This is because a sentencing enhancement "presupposes that the defendant's behavior already constitutes a crime." Eaton, 143 Wash.App. at 160, 177 P.3d 157 (citing State v. Barnes, 153 Wash.2d 378, 385, 103 P.3d 1219 (2005)). Because a sentencing enhancement is not a "crime" and because "same criminal conduct" is defined to apply only to the analysis of "two or more crimes," we discern no error in the sentencing court's calculation of McGrew's offender score or determination of the applicable standard sentencing range. RCW 9.94A.589(1)(a).
¶ 8 Moreover, Washington courts consistently hold that establishing and changing the sentencing process is a legislative duty. State v. Ammons, 105 Wash.2d 175, 180, 713 P.2d 719, 718 P.2d 796 (stating, "[T]he Legislature, not the judiciary, has the authority to determine the sentencing process," and citing numerous prior decisions supporting this proposition), cert. denied, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986); State v. Pillatos, 159 Wash.2d 459, 469, 150 P.3d 1130 (2007). We look to a statute's plain language in order to fulfill our obligation and give effect to legislative intent. State v. Mandanas, 168 Wash.2d 84, 87, 228 P.3d 13 (2010). The firearm enhancement sentencing statute provides in relevant part:
(1) The provisions of this section apply to the standard sentence ranges determined by RCW 9.94A.510 or 9.94A.517.
....
(3) The following additional times shall be added to the standard sentence range for felony crimes committed after July 23, 1995, if the offender or an accomplice was armed with a firearm as defined in RCW 9.41.010 and the offender is being sentenced for one of the crimes listed in this subsection as eligible for any firearm enhancements based on the classification of the completed felony crime.
....
[3](e) Notwithstanding any other provision of law, all firearm enhancements under this section are mandatory, shall be served in total confinement, and shall run consecutively to all other sentencing provisions, including other firearm or deadly weapon enhancements, for all offenses sentenced under this chapter. However, whether or not a mandatory minimum term has expired, an offender serving a sentence under this subsection may be granted an extraordinary medical placement when authorized under RCW 9.94A.728(4);
[3](f) The firearm enhancements in this section shall apply to all felony crimes except the following: Possession of a machine gun, possessing a stolen firearm, drive-by shooting, theft of a firearm, unlawful possession of a firearm in the first and second degree, and use of a machine gun in a felony.
*272 RCW 9.94A.533 (emphasis added). The legislature's intent is clear. The plain language requires a sentencing court to apply a firearm sentencing enhancement to all felony crimes that are not listed in subsection (f). McGrew's conviction for delivery of cocaine is a class B felony with standard sentences outlined in RCW 9.94A.517.[2] Delivery of a controlled substance is not an exception included in RCW 9.94A.533(3)(f) preventing the mandatory application of a firearm enhancement. That a jury also convicted McGrew of second degree unlawful possession of a firearm, which is a felony included in the exceptions to the mandatory firearm sentence enhancement, does not preclude the sentencing enhancement statute's application to his felony drug conviction. The sentencing court properly applied a firearm sentencing enhancement to McGrew's felony drug conviction as the plain language of the sentencing enhancement statute requires.
¶ 9 Further, even if we were to apply the "same criminal conduct" analysis in this instance, the requisite objective intents for McGrew's relevant charged crimes of unlawful delivery of a controlled substance and second degree unlawful possession of a firearm substantially differ. McGrew's delivery of a controlled substance charge requires knowledge that the substance was controlled. State v. Martinez, 123 Wash.App. 841, 846, 99 P.3d 418 (2004); State v. Evans, 80 Wash. App. 806, 814 n. 17, 911 P.2d 1344, review denied, 129 Wash.2d 1032, 922 P.2d 97 (1996); see RCW 69.50.401. And the mens rea for second degree unlawful possession of a firearm is knowledge of possession and/or control of a firearm. State v. Anderson, 141 Wash.2d 357, 359, 5 P.3d 1247 (2000). The objective intents for McGrew's crimes are entirely different.
¶ 10 Moreover, only certain qualifying persons may violate RCW 9.41.040(2)(a)(i),[3] whereas anyone, even someone who may lawfully possess a firearm and those with a valid concealed weapons permit who possess a firearm while unlawfully delivering a controlled substance in violation of RCW 69.50.401, can incur liability under the firearm enhancement provisions of RCW 9.94A.533(3).
¶ 11 Additionally, McGrew's reliance on United States Supreme Court cases describing sentencing factors as "elements" to support his position is misplaced. Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Blakely and Apprendi are inapplicable because they involved challenges to Sixth Amendment rights, which McGrew does not raise in his appeal. See State v. Nguyen, 134 Wash.App. 863, 869, 142 P.3d 1117 (2006), review denied, 163 Wash.2d 1053, 187 P.3d 752, cert. denied, ___ U.S. ___, 129 S.Ct. 644, 172 L.Ed.2d 626 (2008). We are not persuaded by McGrew's arguments which assign "unsupportable weight to the Blakely Court's use of the term `element' to describe sentencing factors." Nguyen, 134 Wash.App. at 869, 142 P.3d 1117; see also State v. Kelley, 168 Wash.2d 72, 81-82, 226 P.3d 773 (2010) (stating the Nguyen court "appropriately concluded" that such arguments are meritless and extending the Nguyen court's analysis to preclude similar reliance on Apprendi and Ring[4]).
¶ 12 Here, the trial court properly determined that McGrew's unlawful possession of a firearm conviction and unlawful delivery of a controlled substance conviction, with a firearm enhancement, were not the "same criminal conduct" and correctly calculated his offender score as a 4.

Calculation of McGrew's Maximum Term/Statutory Doubling Provision
¶ 13 The trial court sentenced McGrew on count I to serve a total of 160 *273 months in confinement. Unlawful delivery of a controlled substance is a class B felony with a statutory maximum term of 120 months. RCW 69.50.401(2)(a). But "[a]ny person convicted of a second or subsequent offense under [chapter 69.50 RCW] may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both." RCW 69.50.408(1). This section does not apply to possession offenses under RCW 69.50.4013. RCW 69.50.408(3). If the doubling provisions do not apply to McGrew's sentence, his 160-month sentence exceeds the statutory maximum and is unlawful.
¶ 14 McGrew contends that, when read together with other portions of chapter 69.50 RCW defining a second or subsequent offense, the trial court erred by using his 2003 unlawful possession of a controlled substance conviction to satisfy the prior conviction requirement to support doubling his maximum possible sentence. He argues that prior convictions for unlawful possession offenses cannot support statutory doubling. But the plain reading of RCW 69.50.408(2) belies his argument:
For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his or her conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs.
¶ 15 Addressing an identical argument under former RCW 69.50.408(c) (1989),[5] this court held,
[The statute] is not ambiguous; a current possession offense under RCW 69.50.401(d)[[6]] is exempted from the doubling statute. The question is whether the sentence can be doubled based upon a prior conviction for possession. We do not construe unambiguous statutes. See [State v. Lewis, 86 Wash.App. 716, 717-18, 937 P.2d 1325 (1997)]. However, McCollum asks us to interpret subsection (c) to apply to prior convictions. Even if we were to interpret this statute, McCollum's construction of this section conflicts with legislative intent.
First, we would have to interpret the word "offenses" in subsection (c) as encompassing both current offenses and prior convictions. We are unwilling to construe "offenses" in this way because elsewhere in this chapter "offenses" is used in terms of current offenses, not prior convictions.
Second, we would have to ignore the language in subsection (b) that defines a prior crime as a conviction "under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs." (Emphasis added.) There is no exclusion under this subsection for prior convictions for possession.
State v. McCollum, 88 Wash.App. 977, 988-89, 947 P.2d 1235 (1997), review denied, 137 Wash.2d 1035, 980 P.2d 1285 (1999).
¶ 16 McGrew acknowledges that McCollum likely controls our review. His briefing disagrees with McCollum, but he provides no authority or further argument to support his position. Accordingly, we apply McCollum and hold that the trial court did not err in doubling McGrew's maximum sentence based on his 2003 drug conviction.
¶ 17 McGrew also argues that, in light of Blakely, the trial court was precluded from doubling his maximum sentence because the sentencing court, not the jury, found that he had a prior drug conviction. In State v. Jones, 159 Wash.2d 231, 149 P.3d 636 (2006), cert. denied, 549 U.S. 1354, 127 S.Ct. 2066, 167 L.Ed.2d 790 (2007), our Supreme Court defined the scope of the prior-conviction exception to the Blakely/Apprendi jury trial requirement in the community custody context stating,

*274 To give effect to the prior conviction exception, Washington's sentencing courts must be allowed as a matter of law to determine not only the fact of a prior conviction but also those facts "intimately related to [the] prior conviction" such as the defendant's community custody status.
159 Wash.2d at 241, 149 P.3d 636 (alteration in original) (quoting United States v. Moore, 401 F.3d 1220, 1225 (10th Cir.2005)).
¶ 18 From Jones, it follows that the trial court had the necessary authority to decide whether McGrew had a prior drug conviction that would trigger RCW 69.50.408's doubling provisions and did not commit any error.

Drug Conviction Seriousness Level
¶ 19 Citing a series of cases holding that a jury's deadly weapon special verdict finding cannot support the sentencing court's imposition of a firearm enhancement, McGrew argues that the jury's special verdict finding that he was armed with a firearm at the time he unlawfully delivered a controlled substance is insufficient to raise his drug offense from a level II to a level III. McGrew acknowledges that delivery of cocaine with a deadly weapon enhancement is a level III offense because RCW 9.94A.518 defines a felony offense under chapter 69.50 RCW "with a deadly weapon special verdict under RCW 9.94A.602" as a level III drug offense. But he argues that the jury's special verdict finding that he was armed with a "firearm" is not a verdict that he was armed with a "deadly weapon." We disagree.
¶ 20 As the State points out, "While not all deadly weapons are firearms, by definition, all firearms are deadly weapons. RCW 9.94A.602 ('The following instruments are included in the term deadly weapon: ... pistol, revolver, or any other firearm')." Br. of Resp't at 15-16. When the jury found beyond a reasonable doubt that McGrew was armed with a firearm while he delivered cocaine in violation of chapter 69.50 RCW, it necessarily found that he committed a drug offense while armed with a deadly weapon as a matter of law. We look to a statute's plain language in order to fulfill our obligation and give effect to legislative intent. Mandanas, 168 Wash.2d at 87, 228 P.3d 13. And we construe statutes to effect their purpose and avoid unlikely or absurd results. State v. Neher, 112 Wash.2d 347, 351, 771 P.2d 330 (1989). Accordingly, the sentencing court did not err when it raised McGrew's delivery conviction from a level II to a level III offense on the drug sentencing grid based on the definitions in RCW 9.94A.518 and former RCW 9.94A.602 (1983). RCW 9.94A.517. The trial court properly calculated McGrew's standard sentence range as a level III drug offense with an offender score of 4 as 68+ to 100 months, under RCW 9.94A.517, with a maximum term of 20 years under RCW 69.50.401(2)(a) after applying the RCW 69.50.408 doubling provisions.[7]
¶ 21 In a statement of additional authorities, filed on January 19, 2010, McGrew suggests that our Supreme Court's recent decision in State v. Williams-Walker, 167 Wash.2d 889, 225 P.3d 913 (2010), supports his argument. McGrew cites our Supreme Court's analysis that
[w]here a jury finds by special verdict that a defendant used a "deadly weapon" in committing the crime (even if that weapon was a firearm), this finding signals the trial judge that only a two-year "deadly weapon" enhancement is authorized, not the more severe five-year firearm enhancement. When the jury makes a finding on the lesser enhancement, the sentencing judge is bound by the jury's determination.
167 Wash.2d at 898, 225 P.3d 913. But Williams-Walker does not control the analysis here. In Williams-Walker, all three consolidated cases involved crimes committed while the defendants possessed guns, but the special verdict forms submitted to and approved by the jury only asked the jury if the defendant was "armed with a deadly weapon." *275 167 Wash.2d at 893-94, 225 P.3d 913. Our Supreme Court held that even when several of the defendants had convictions that necessarily required a jury to find the commission of a crime using a firearm, for example first degree assault with a firearm, that it would not infer authorization of a "firearm" enhancement implied in an approved "deadly weapon special verdict" based on the underlying assault guilty verdicts. Williams-Walker, 167 Wash.2d at 898-99, 225 P.3d 913. This analysis properly applies the definition of "deadly weapon" in former RCW 9.94A.602, which our Supreme Court discussed in Williams-Walker. 167 Wash.2d at 897-99, 225 P.3d 913. In contrast, the jury in McGrew's case entered a special verdict finding that McGrew possessed a firearm during the course of his drug delivery. Because by definition all firearms are deadly weapons, former RCW 9.94A.602, the jury's special verdict necessarily found beyond a reasonable doubt facts required to prove the "deadly weapon" enhancement in RCW 9.94A.518. Simply put, Williams-Walker only precludes a conclusion that a jury's special verdict for use of a "deadly weapon" is also an authorization for a "firearm" enhancementbut it does not follow that a jury's special verdict finding use of a "firearm" is not also an authorization for a "deadly weapon" enhancement. For McGrew to prevail on his argument, we would necessarily have to negate the legislature's deadly weapon definition set out in former RCW 9.94A.602, which we will not do. See State v. Wanrow, 88 Wash.2d 221, 228, 559 P.2d 548 (1977) (stating that the legislature is presumed not to engage in unnecessary or meaningless acts and statutes must be interpreted so no part is rendered superfluous or insignificant).
¶ 22 The trial court properly calculated McGrew's offender score and standard range sentence for his drug conviction, and we affirm.
We concur: HUNT, P.J., and HOUGHTON, J.P.T.
NOTES
[1] We note that although McGrew does not frame his argument as a violation of his right to be free from double jeopardy, such an argument would fail. Our Supreme Court recently held that "imposition of a firearm enhancement does not violate double jeopardy when an element of the underlying offense is use of a firearm." State v. Kelley, 168 Wash.2d 72, 84, 226 P.3d 773 (2010).
[2] Any violation of RCW 69.50.401 that includes a schedule I or schedule II "narcotic drug" is a class B felony. RCW 69.50.401(2)(a). Cocaine is a schedule II drug. Former RCW 69.50.206(4)-(5) (1993). The definition of a "narcotic drug" includes cocaine. RCW 69.50.101(r)(4)-(6).
[3] RCW 9.41.040(2)(a)(i), the specific statute cited in McGrew's information, allows the State to charge individuals with convictions for nonserious offenses or individuals committing certain domestic violence crimes with second degree unlawful possession of a firearm.
[4] Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).
[5] The legislature recodified many sections of chapter 69.50 RCW in 2003. Laws of 2003, ch. 53. The legislature recodified former RCW 69.50.408(a)-(c) at RCW 69.50.408(1)-(3). Laws of 2003, ch. 53, § 341.
[6] The legislature subsequently amended and recodified former RCW 69.50.401(d) (1998) as RCW 69.50.4013. Laws of 2003, ch. 53, §§ 331, 334.
[7] We note that the drug offense sentencing grid identifies standard sentences for a range of offender scores. Thus, even if McGrew prevailed on his "same criminal conduct" argument and his offender score were a 3, his standard sentence range would be unaffected because the offender score ranges in the sentencing grid are 0 to 2, 3 to 5, and 6+. RCW 9.94A.517. McGrew's standard sentence range would only change if he prevailed on his seriousness level argument.