[No. 82308-1. En Banc.]
Considered June 9, 2011. Decided June 16, 2011.

*In the Matter of the Personal Restraint of* ROBERT STRANDY, JR., *Petitioner.*

818

*Robert Strandy Jr.*, pro se.

*Anthony F. Golik, Prosecuting Attorney*, and *Michael C. Kinnie, Deputy*, for respondent.

¶1 PER CURIAM — Robert Strandy Jr. was convicted of two counts of felony murder and two counts of aggravated first degree murder. For sentencing purposes, the trial court merged the felony murder convictions with the aggravated first degree murder convictions, but it did not vacate the felony murder convictions. The State concedes that Strandy is entitled to vacation of the felony murder convictions. We grant Strandy's motion for discretionary review only on this

issue and remand to the trial court with directions to vacate the merged convictions.

¶2 In 1985 Strandy and Mark Mercer robbed Dennis Devitt and murdered him and Howard Peterson. The State charged Strandy with first degree felony murder and aggravated first degree murder as to each homicide.

¶3 The jury convicted Strandy of both murder charges (as well as other charges). For sentencing purposes, the trial court found that each felony murder constituted the "same criminal conduct" as each aggravated murder as to each victim. The court similarly merged the crimes on that basis, but it did not vacate the lesser of the merged convictions. The court imposed a sentence of life without the possibility of early release for the aggravated first degree murders. The Court of Appeals affirmed the judgment and sentence on direct appeal, issuing its mandate in 1988.

¶4 In 2006 Strandy filed a motion in the superior court to modify or correct his judgment and sentence, asserting, among other things, double jeopardy violations. The superior court transferred the motion to the Court of Appeals for consideration as a personal restraint petition. CrR 7.8(c)(2). The Court of Appeals dismissed the petition as time barred. RCW 10.73.090(1).

¶5 Strandy then filed a motion for discretionary review in this court, consideration of which was stayed pending *State v. Turner*, 169 Wn.2d 448, 238 P.3d 461 (2010). After *Turner* became final the State conceded that Strandy's double jeopardy claim as to the murder convictions was timely and had merit. We agree.

¶6 Multiple convictions and punishments for the same offense imposed in the same proceeding violate the Fifth Amendment prohibition against double jeopardy. U.S. Const. amend. V; *Ball v. United States*, 470 U.S. 856, 864-65, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985); *Turner*, 169 Wn.2d at 454-55; *State v. Womac*, 160 Wn.2d 643, 650-51, 160 P.3d 40 (2007). When a conviction violates double jeopardy principles, it must be wholly vacated. *Turner*, 169 Wn.2d at

466; *Womac*, 160 Wn.2d at 658. It is clear when the judgment and sentence is read in conjunction with the information that Strandy was convicted *twice for each* homicide (aggravated murder and felony murder). The double jeopardy violation is therefore evident on the face of the judgment and sentence, making Strandy's collateral challenge on this issue timely. RCW 10.73.090(1); *see also In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 858, 100 P.3d 801 (2004) (information may be considered as part of face of judgment and sentence). The remedy is to vacate the lesser convictions. *See Turner*, 169 Wn.2d at 466; *Womac*, 160 Wn.2d at 658.[1]

¶7 We reverse the Court of Appeals and remand this matter to the trial court with directions to vacate Strandy's two felony murder convictions.[2]

Reconsideration denied August 11, 2011.

---

[1] We do not consider Strandy's additional claim of prosecutorial misconduct because that is not a ground for relief exempt from the one-year time limit on collateral attack. We also do not consider Strandy's double jeopardy claim as to other convictions because the claimed double jeopardy violation is not evident on the face of the judgment and sentence. Double jeopardy is itself a ground for relief statutorily exempt from the time limit, RCW 10.73.100(3), but since Strandy raises other grounds for relief that are not exempt, his petition on those other points is "mixed" and may not be considered. *In re Pers. Restraint of Hankerson*, 149 Wn.2d 695, 702, 72 P.3d 703 (2003).

[2] We leave it to the trial court to determine whether to appoint counsel for Strandy on remand.