

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

IN THE MATTER OF THE ) No. 69160-1-I
PERSONAL RESTRAINT OF: )
) DIVISION ONE
JAMES WILLARD HINTON, )
) UNPUBLISHED OPINION
Petitioner. )
) FILED: August 19, 2013
)

PER CURIAM. In 1999, James Hinton was convicted by a jury of murder in the

second degree, attempted murder in the second degree, and assault in the first

degree. Reading the judgment and sentence in conjunction with the information, it is

clear that the attempted murder and assault counts pertain to the same assault upon

a single victim. Hinton has filed this personal restraint petition contending that the

sentencing court's failure to vacate the merged assault conviction violates double

jeopardy.

The State concedes that Hinton's claim is not subject to the time bar under

RCW 10.73.100(3). See In re Pers. Restraint of Strandy, 171 Wn.2d 817, 820, 256

P.3d 1159 (2011). And although the judgment and sentence provides that the

lesser assault conviction "merges" with the attempted murder conviction and the

court did not impose sentence on the merged assault count, the State further

concedes that the assault conviction must be vacated and any reference to it must

be removed from the judgment and sentence. See State v. Turner, 169 Wn.2d 448,

464, 238 P.3d 461 (2010) ("To assure that double jeopardy proscriptions are

No. 69160-1-I/2

carefully observed, a judgment and sentence must not include any reference to the vacated conviction[.]"). We accept the concession.

The personal restraint petition is accordingly granted. The case is remanded to the trial court to vacate Hinton's assault conviction and redact the judgment and sentence deleting reference to that conviction.

For the court:

Cox, J.