# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69962-8-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| MUHAMMED ZBEIDA TILLISY, | ) | |
| Appellant. | ) | FILED: September 22, 2014 |

TRICKEY, J. — In the early morning of May 31, 2012, Corporal Josh McClure of the Edmonds Police Department arrested Muhammed Tillisy on an outstanding arrest warrant.[1] Corporal McClure searched Tillisy incident to the arrest and discovered seven different bank checks.[2] The checks were identical in their format and contained the same account and routing numbers.[3] Some of the checks identified Tillisy as the payee and Honda of Fife as the account holder; other checks identified Tillisy as the account holder.[4]

After obtaining a warrant to search Tillisy's vehicle, police officers located two additional bank checks that were similar to those previously seized.[5] The officers also found a piece of scratch paper, on which the business name "Honda of Fife" was written, as well as the same account and routing numbers as those printed on the previously discovered checks.[6] The officers additionally found a checkbook for the Chase Bank account of Ok Kyung Yang.[7]

---

[1] Report of Proceedings (RP) (Nov. 26, 2013) at 77, 83-84.
[2] RP at 86.
[3] RP at 86, 87.
[4] RP at 86.
[5] RP at 89, 93.
[6] RP at 93-94.
[7] RP at 144-45.

The State charged Tillisy, by second amended information, with three counts of second degree identity theft, in violation of RCW 9.35.020(1) and (3) (counts I, II, and V); two counts of forgery, in violation of RCW 9A.60.020(1)(b) (counts III and IV); and one count of unlawful possession of payment instruments, in violation of RCW 9A.56.320(1) and (2) (count VI).[8] A jury found Tillisy guilty on all counts.[9]

The trial court determined that counts I, II, and III encompassed the same criminal conduct and counted as one crime for purposes of determining the offender score.[10] The court also found that counts V and VI were the same criminal conduct for purposes of determining the offender score.[11] The court sentenced Tillisy to 49 months on counts I, II, and V; 25 months on counts III and VI; and 22 months on count IV.[12] Counts I, II, and III were to run concurrently but consecutive to count IV.[13] Counts V and VI were also to run concurrently.[14] The trial court imposed a total confinement of 120 months.[15] Tillisy appeals the judgment and sentence.

Tillisy contends that his two convictions for second degree identity theft violate double jeopardy because, under counts I and II, he was twice convicted of second degree identify theft for possession of Honda of Fife's financial information. The State concedes this point, and we accept its concession. The proper remedy is to vacate one of the underlying convictions for count I or count II. See In re Strandy, 171 Wn.2d 817, 819,

---

[8] Clerk's Papers (CP) at 278-79. Counts I and II alleged Tillisy committed second degree identity theft for checks drawn on the account of Honda of Fife. CP at 278. Count V alleged Tillisy committed identity theft for checks drawn on the account of OK Kyung Yang. CP at 278-79.
[9] CP at 220-25.
[10] CP at 4.
[11] CP at 4.
[12] CP at 6.
[13] CP at 6.
[14] CP at 6.
[15] CP at 6.

256 P.3d 1159 (2011) ("When a conviction violates double jeopardy principles, it must be wholly vacated.").

Tillisy next asserts that the trial court erred by denying his request to represent himself pro se. But as the State correctly points out, Tillisy did not bring a motion to represent himself in the present case. Instead, Tillisy requested to proceed pro se in a separate case in which he was being prosecuted in Snohomish County Superior Court.[16] At a hearing on that superior court case, held on November 8, 2012, the only reference to the present case was when the State told the trial court that Tillisy had another case pending and informed the court of the trial date for that matter.[17]

The record before us on the current case reveals no motion to proceed pro se on behalf of Tillisy. A request to proceed pro se must be made timely and stated unequivocally. State v. Stenson, 132 Wn.2d 668, 737, 940 P.2d 1239 (1997). No timely request was made here. Accordingly, this claim of error fails.

Tillisy next contends that the trial court abused its discretion by denying his motion to dismiss the charges against him, which he raised at the conclusion of the State's opening statement. Tillisy argues the State's opening statement did not assert that the alleged crimes took place in the state of Washington.

A trial court has broad discretion to control the content of the parties' opening statements. State v. Kroll, 87 Wn.2d 829, 835, 558 P.2d 173 (1976). "The opening

---

[16] In this appeal, Tillisy filed a motion to supplement the record with the transcript of a November 8, 2012 hearing that took place in the separate superior court case (No. 12-1-01574-5). That case is linked to this appeal (State v. Tillisy, No. 70654-3-I). Supplemental (Supp.) RP at 1. A commissioner of this court granted Tillisy's motion to supplement the record. Both parties cite to the supplemental report of proceedings in their briefs and we consider it for purposes of this appeal.

[17] Supp. RP at 27.

statement is based upon the anticipated evidence and the reasonable inferences which can be drawn therefrom." Kroll, 87 Wn.2d at 835 (citing State v. Aiken, 72 Wn.2d 306, 351, 434 P.2d 10 (1967)). The purpose of an opening statement is merely "to outline the material evidence the State intends to introduce." Kroll, 87 Wn.2d at 834. "Charges frame the issues; statements of counsel do not." State v. Gallagher, 15 Wn. App. 267, 270-71, 549 P.2d 499 (1976).

Tillisy contends on appeal, as he did at trial, that under Gallagher, the prosecutor was required to state in opening statements that the charged crimes took place in Washington, and the failure to do so mandated dismissal of the charges.

In Gallagher, the Court of Appeals affirmed the trial court's dismissal of two counts alleged in the information, concluding that "it is clear beyond doubt that the special prosecutor's [opening] statement affirmatively includes factual matters which constitute a complete defense to counts 2 through 6 of the information." 15 Wn. App. at 275. The court held that a trial court has authority to dismiss charges after the State's opening statement "only when it is clear beyond doubt that the statement affirmatively includes fact matter which constitutes a complete defense to the charge or expressly excludes fact matter essential to a conviction." Gallagher, 15 Wn. App. at 270. The court explained that "when some fact is clearly stated or admission is expressly made, leaving only an isolated and determinative issue of law, the court may resolve that issue." Gallagher, 15 Wn. App. at 270. Contrary to Tillisy's assertion, Gallagher does not support the proposition that a prosecutor's failure to mention the state of Washington in an opening statement mandates dismissal of the charges. Tillisy's reliance on Gallagher is unavailing.

We remand with instructions to vacate one of the underlying convictions for count I or II, and for resentencing. We otherwise affirm the judgment and sentence.

Trickey, J

WE CONCUR:

Leach, J.

Becker, J.