

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36758-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JASON ANTHONY DAVIS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Jason Davis appeals his conviction for fourth degree assault on

double jeopardy grounds, arguing that the act charged as fourth degree assault was part of

a course of conduct that also resulted in his conviction for second degree assault. The

State responds that "[a]fter careful review of the record and case law," it agrees. Br. of

Resp't at 1. We accept the State's concession and remand with directions to vacate the

conviction for fourth degree assault.

FACTS AND PROCEDURAL BACKGROUND

On an evening in February 2019, police responded to a report of a physical

domestic dispute and spoke with the victim, who said she had been strangled and bitten

by Jason Davis, a man she had been dating. She claimed that in addition to strangling

her, he bit her thumb "so hard she could feel his teeth on her bone" and bit her upper lip.

Clerk's Papers at 29. Responding police officers photographed red marks on the

woman's neck and observed blood "all over her robe and arm." *Id.* Mr. Davis was ultimately charged with second degree assault for the strangulation, one count of fourth degree assault for biting the victim's thumb, and another count of fourth degree assault for biting her lip.

At trial, the victim testified that on the night of the assault she told officers Mr. Davis had choked her, but in retrospect it was more like he was holding her down. She testified that while Mr. Davis was holding her down, he bit her thumb. She denied telling officers that Mr. Davis bit her upper lip. At one point in her testimony she claimed not to have an exact recall of what had happened, saying, "Everything happened quite fast." Report of Proceedings at 296.

The jury acquitted Mr. Davis of one of the fourth degree assault counts, but found him guilty of the remaining second degree and fourth degree assault counts. The court sentenced Mr. Davis to 57 months for the second degree assault and 364 days for the fourth degree assault count, to run concurrently. Mr. Davis appeals.

## ANALYSIS

Mr. Davis contends the evidence at trial established that the two acts for which he was convicted occurred in a single assault, and convicting him of two counts of assault constitutes double jeopardy.

The double jeopardy clause of the Fifth Amendment to the United States Constitution and the state constitutional protection against double jeopardy protect

against multiple punishments for the same offense. *State v. Reeder*, 184 Wn.2d 805, 825, 365 P.3d 1243 (2015). Claims of double jeopardy present an issue of law that we review de novo. *State v. Hughes*, 166 Wn.2d 675, 681, 212 P.3d 558 (2009).

In *State v. Villanueva-Gonzalez*, our Supreme Court held that the overlap between the elements of fourth degree assault and those of second degree assault makes the analysis we would usually apply when convictions are imposed under different statutes— the *Blockburger*[1] analysis—unhelpful. 180 Wn.2d 975, 981-82 & n.3, 329 P.3d 78 (2014). It therefore applied a "unit of prosecution" analysis of assault. *Id.* at 982. A unit of prosecution analysis "asks 'what act or course of conduct has the Legislature defined as the punishable act.'" *Id.* at 980 (quoting *State v. Adel*, 136 Wn.2d 629, 634, 965 P.2d 1072 (1998)). Applying the rule of lenity, *Villanueva-Gonzalez* held that "assault should be treated as a course of conduct crime until and unless the legislature indicates otherwise." *Id*. at 984.

The court went on to hold that whether multiple assaultive acts constitute one course of conduct is highly fact-dependent, and among relevant factors are the length of time over which the assaultive acts took place, whether they took place in the same location, whether the defendant's intent or motivation changed, whether the acts were

---

[1] *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

uninterrupted, and whether there was an opportunity for the defendant to reconsider his acts. *Id.* at 985.

The trial record supports Mr. Davis's contention and the State's concession that the two counts of which he was convicted occurred during a single course of conduct. The remedy is to vacate the lesser conviction. *In re Pers. Restraint of Strandy*, 171 Wn.2d 817, 820, 256 P.3d 1159 (2011).

We remand with directions to vacate the conviction for fourth degree assault.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Lawrence-Berrey, J.