[No. 65208-7-I. Division One. August 8, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. BAYANI JOHN
MANDANAS, *Appellant*.

714

*Todd Maybrown* and *David Allen* (of *Allen Hansen & Maybrown PS*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Dennis J. McCurdy, Deputy*, for respondent.

¶1 APPELWICK, J. — Mandanas appeals his convictions for second degree assault and felony harassment. In a previous appeal, this court affirmed Mandanas's convictions but remanded for resentencing on same criminal conduct. The

Supreme Court affirmed on an unrelated issue. Mandanas now argues that he is entitled to a second appeal because the trial court erred by imposing convictions that constitute double jeopardy. We hold that Mandanas's argument is not timely because he failed to raise his double jeopardy challenge in his first appeal. We affirm.

## FACTS

¶2 During an altercation between Bayani Mandanas and Carlos Padilla on December 20, 2004, Mandanas punched Padilla in the face, hit him in the head with a gun, and then pointed the gun at Padilla's head and threatened to kill him. *State v. Mandanas*, 168 Wn.2d 84, 86, 228 P.3d 13 (2010). Mandanas was charged with and convicted of second degree assault and felony harassment, as well as a firearm enhancement to both charges. *Id.* at 86-87. The trial court imposed concurrent sentences for each offense, as well as consecutive firearm enhancements. *Id.* at 87. On appeal, among other arguments, Mandanas argued that his convictions constituted same criminal conduct. *State v. Mandanas*, noted at 139 Wn. App. 1017, 2007 WL 1739702, at *9, 2007 Wash. App. LEXIS 1654, at *24, *aff'd*, 168 Wn.2d 84. This court agreed that the trial court abused its discretion by holding that Mandanas's offenses did not constitute the same criminal conduct for purposes of the sentencing statute and remanded for resentencing. *Mandanas*, 2007 WL 1739702, at *9, 2007 Wash. App. LEXIS 1654, at *24. This court also upheld the firearm enhancements and concluded that the enhancements did not violate double jeopardy. *Mandanas*, 2007 WL 1739702, at *9, 2007 Wash. App. LEXIS 1654, at *24. The Supreme Court granted review " 'only as to the sentencing issue,' " and affirmed the sentence on the enhancements. *Mandanas*, 168 Wn.2d at 87, 90. The Supreme Court then issued the mandate on February 22, 2010.

¶3 At resentencing, Mandanas argued that the convictions for second degree assault and felony harassment

violated double jeopardy. The trial court ruled that this court had already ruled on the double jeopardy issue and refused to hear argument on it. The trial court then resentenced Mandanas. Mandanas appeals.

## DISCUSSION

### I. New Argument at Resentencing

¶4 The State contends that Mandanas is not entitled to raise a new issue in a second appeal that he could have raised in his first appeal.[1] Mandanas argues that he may raise new issues resulting from his new sentencing proceeding.

¶5 The general rule is that a defendant is prohibited from raising issues on a second appeal that were or could have been raised on the first appeal. *State v. Sauve*, 100 Wn.2d 84, 87, 666 P.2d 894 (1983); *State v. Jacobsen*, 78 Wn.2d 491, 493, 477 P.2d 1 (1970). Mandanas did not previously challenge his convictions for second degree assault and felony harassment on double jeopardy grounds. The convictions are therefore final. Whether the trial court incorrectly thought that we had addressed his argument previously is of no consequence.[2]

¶6 Mandanas argues that this court is required to correct invalid sentences. Courts generally "have the duty and

---

[1] Mandanas argues that he did raise the double jeopardy issue during the first appeal but fails to support his assertion. Double jeopardy was raised in the first appeal only on the firearm enhancement issue.

[2] Mandanas is not entitled to review under RAP 2.5(c)(1). Our Supreme Court has explained that RAP 2.5 allows an issue not raised in an earlier appeal to become "an appealable question" where "the trial court, on remand, exercised its independent judgment, reviewed and ruled again on such issue." *State v. Barberio*, 121 Wn.2d 48, 50, 846 P.2d 519 (1993) (refusing to allow Barberio to raise a new challenge to an affirmed exceptional sentence not reconsidered at resentencing); *see also State v. Kilgore*, 167 Wn.2d 28, 43-44, 216 P.3d 393 (2009) (holding Kilgore not entitled to challenge his resentencing under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), because the trial court merely corrected the sentence). That rule provides for review where the trial court has exercised some discretion. The trial court exercised no discretion as to the fact of conviction here.

power to correct an erroneous sentence upon its discovery." *In re Pers. Restraint of Call*, 144 Wn.2d 315, 332, 28 P.3d 709 (2001). But, Mandanas challenges not his sentence but the underlying convictions. Mandanas cites no authority that permits a double jeopardy claim to be raised for the first time, outside of a personal restraint petition, postappeal. In fact, our Supreme Court stated in *Sauve* that even an issue of constitutional import cannot be raised in a second appeal:

> Even though an appeal raises issues of constitutional import, at some point the appellate process must stop. Where, as in this case, the issues could have been raised on the first appeal, we hold they may not be raised in a second appeal. Nonetheless, defendant is not without a remedy. He may choose to apply for a personal restraint petition under RAP 16.3, 16.4, and with a prima facie showing of actual prejudice arising from constitutional error would be entitled to "a full hearing on the merits or for a reference hearing pursuant to RAP 16.11(a) and RAP 16.12".

100 Wn.2d at 87 (quoting *In re Pers. Restraint of Hews*, 99 Wn.2d 80, 88, 660 P.2d 263 (1983)). Similarly, Mandanas's remedy is through a personal restraint petition.

¶7 Despite this, Mandanas insists that we should address the merits of the issue here rather than in a subsequent personal restraint petition. On the merits, Mandanas was not subject to double jeopardy on the grounds alleged.

II. Double Jeopardy

¶8 Mandanas argues that his convictions for both second degree assault and felony harassment violate double jeopardy principles. Both the state and federal constitutions prohibit multiple punishments for the same offense. U.S. Const. amend. V; Const. art. I, § 9; *State v. Tvedt*, 153 Wn.2d 705, 710, 107 P.3d 728 (2005). Claims of double jeopardy are questions of law reviewed de novo. *State v. Jackman*, 156 Wn.2d 736, 746, 132 P.3d 136 (2006).

¶9 To determine whether the legislature intended to punish crimes separately, we apply the four-part test

enunciated in *State v. Freeman*, 153 Wn.2d 765, 771-73, 108 P.3d 753 (2005). First, we look at the statutory language to determine if separate punishments are specifically authorized. *Id.* at 773. If we cannot ascertain this from the language itself, we next apply the "same evidence" test. *Id.* Under that test, we ask whether one offense includes an element not included in the other and whether proof of one offense would not necessarily prove the other. *State v. Calle*, 125 Wn.2d 769, 777, 888 P.2d 155 (1995). If that is the case, we presume that the crimes are not the same for double jeopardy purposes. *Id.* Third, if applicable, we use the merger doctrine to determine legislative intent even if two crimes have formally different elements. *Freeman*, 153 Wn.2d at 772. Finally, even if on an abstract level the two convictions appear to be for the same offense or for charges that would merge, we must determine whether there is an independent purpose or effect for each offense. *Id.* at 773. If so, they may be punished as separate offenses without violating double jeopardy. *Id.*

¶10 We first consider any express or implied legislative intent based on the criminal statutes involved. The two statutes governing felony harassment and second degree assault, RCW 9A.46.020 and RCW 9A.36.021 respectively, do not contain specific provisions expressly authorizing separate punishments for the same conduct. *State v. Leming*, 133 Wn. App. 875, 888, 138 P.3d 1095 (2006).

¶11 Thus, we turn to the same evidence test and ask whether the two crimes are the same both in law and in fact. *State v. Martin*, 149 Wn. App. 689, 698-99, 205 P.3d 931 (2009). Offenses are the same in law when proof of one would also prove the other. *Id.* at 699. Second degree assault and harassment have different elements. RCW 9A.36.021(1)(c) states in part, "A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree . . . [a]ssaults another with a deadly weapon." As charged in this case, the State had to prove an assault and the use of a deadly

weapon. An assault may consist of an intentional touching that is harmful or offensive; an act performed with the intent to inflict bodily injury but failing, coupled with the apparent present ability to inflict the injury if not prevented; or an act, with unlawful force, done with the intent to create in another apprehension and fear of bodily injury, and which creates in another a reasonable apprehension and imminent fear of bodily injury. 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 35.50, at 547 (3d ed. 2008); *see also Peasley v. Puget Sound Tug & Barge Co.*, 13 Wn.2d 485, 505, 125 P.2d 681 (1942); *State v. Garcia*, 20 Wn. App. 401, 402-03, 579 P.2d 1034 (1978); *State v. Murphy*, 7 Wn. App. 505, 511, 500 P.2d 1276 (1972). A deadly weapon is any device that under the circumstances in which it is used is readily capable of causing death or substantial bodily injury. RCW 9A.04.110(6). Thus, to convict Mandanas of second degree assault, the State had to present evidence that he, using an instrument capable of causing serious injury under the circumstances, intentionally touched Padilla in an offensive manner, intentionally attempted to injure Padilla and failed, or intentionally acted in a way to cause Padilla to fear imminent bodily injury.

¶12 Felony harassment, by contrast, consists of (1) a knowing threat (2) to cause bodily injury immediately or in the future, and (3) words or conduct placing the person threatened in reasonable fear that the threat will be carried out. RCW 9A.46.020(1). A person is guilty of felony harassment if the person harasses another person by threatening to kill the person threatened or any other person. RCW 9A.46.020(2)(b). Accordingly, to convict Mandanas of harassment, the State had to present evidence that he knowingly communicated to Padilla an intent to cause him bodily injury immediately or in the future and that Padilla was placed in reasonable fear that Mandanas would carry out the threat.

¶13 A plain language reading indicates that the legislature intended to distinguish felony harassment and second

degree assault as distinct offenses. The harassment statute specifically criminalizes threats to injure or kill another, which, standing alone, are insufficient to establish an assault. The offenses are set forth in different chapters of the Washington Criminal Code, Title 9A RCW, and address different social concerns. Assault addresses concerns about physical harm; criminal harassment aims to prevent invasion of individual privacy. *See* RCW 9A.46.010. These differences in aim and purpose, demonstrated by the legislature's establishment of different essential elements, indicate that felony harassment and second degree assault do not constitute the same offense for purposes of double jeopardy. Mandanas's offenses are not the same in law.

¶14 Mandanas argues that the offenses were the same in fact and that there was a violation of double jeopardy based on the rule in *In re Personal Restraint of Orange*, 152 Wn.2d 795, 100 P.3d 291 (2004).[3] In that case, Orange was charged with first degree attempted murder and first degree assault. *Id.* at 800. The court found that the subsequent convictions on these two charges violated double jeopardy, explaining, "The two crimes were based on the same shot directed at the same victim, and the evidence required to support the conviction for first degree attempted murder was sufficient to convict Orange of first degree assault." *Id.* at 820. The Supreme Court concluded that firing the bullet

---

[3] *Orange* did not modify the test used by Washington courts to determine whether the defendant was placed in double jeopardy. The court in *Orange* discussed and applied the same evidence test. 152 Wn.2d at 817-18. That test has continued to be applied by Washington courts after *Orange*. *See In re Pers. Restraint of Borrero*, 161 Wn.2d 532, 537, 167 P.3d 1106 (2007) ("If each offense contains an element not contained in the other, the offenses are not the same; if each offense requires proof of a fact that the other does not, the court presumes the offenses are not the same."); *State v. Graham*, 153 Wn.2d 400, 404, 103 P.3d 1238 (2005); *Freeman*, 153 Wn.2d at 772; *State v. Fuentes*, 150 Wn. App. 444, 450-52, 208 P.3d 1196 (2009), *review denied*, 170 Wn.2d 1005, 245 P.3d 227 (2010). The fact that each offense can be proved using the same conduct alone does not create double jeopardy. *See United States v. Dixon*, 509 U.S. 688, 704, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993) (rejecting the same conduct rule); *State v. Gocken*, 127 Wn.2d 95, 101-02, 896 P.2d 1267 (1995) (rejecting the same conduct rule by adopting the *Dixon* rule in Washington). The *Orange* rule merely requires that if the exact same action proves both crimes, without one crime requiring proof of a fact that another does not, then there is a violation of double jeopardy.

was the act that proved both the assault and the attempted murder. Proving one *necessarily* proved the other. Here, the proof of the felony harassment (pointing the gun at Padilla and threatening to kill him) necessarily also proved a second degree assault. But, this is not a double jeopardy violation under *Orange* because, separate and apart from the act constituting felony harassment, Mandanas also admitted to striking Padilla on the head with the gun. *Mandanas*, 2007 WL 1739702, at *2, 2007 Wash. App. LEXIS 1654, at *4. Three witnesses also testified that they saw him do so. *Mandanas*, 2007 WL 1739702, at *1, 2007 Wash. App. LEXIS 1654, *3. Because Mandanas admits to a separate act constituting second degree assault, there can be no double jeopardy on these facts.

¶15 Finally, the merger doctrine does not preclude Mandanas's convictions for both second degree assault and felony harassment. Under the merger doctrine, when separately criminalized conduct raises another offense to a higher degree, we presume that the legislature intended to punish both offenses only once, namely for the more serious crime with the greater sentence. *Freeman*, 153 Wn.2d at 772-73. As stated above, evidence that Mandanas communicated a threat to Padilla was necessary to the felony harassment conviction but not necessary to prove the second degree assault charge. Therefore, proof of felony harassment does not elevate the assault charge to a higher degree. *Cf. Leming*, 133 Wn. App. at 882, 889 (holding that a conviction for felony harassment merged with the conviction for assault where the State sought to prove that Leming assaulted the victim "with intent to commit a felony" in order to elevate the assault charge to a higher degree under RCW 9A.36.021(1)(e)). The merger doctrine does not apply here.

¶16 We affirm.

DWYER, C.J., and BECKER, J., concur.