2015 JUN 15 AM 9: 12


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71204-7-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| MILORD GELIN, | ) | UNPUBLISHED OPINION |
| Appellant. | ) | FILED: June 15, 2015 |

PER CURIAM — We previously affirmed Milord Gelin's convictions for burglary and assault with a deadly weapon and theft of a motor vehicle. After the mandate issued in that appeal, the superior court, at the State's request, entered an amended judgment and sentence correcting errors in the original judgment and sentence. Gelin now appeals the amended judgment and sentence, arguing for the first time that the jury's deadly weapon findings were not supported by sufficient evidence. In a pro se statement of additional grounds for review, Gelin argues for the first time that his offenses encompass the same criminal conduct, that his burglary and assault convictions violate double jeopardy, and that his exceptional sentence is not supported by sufficient findings

Assuming without deciding that the amended judgment and sentence is appealable, the issues raised on appeal are, with one exception, beyond the scope of our review. The proceedings below occurred after Gelin's direct appeal

No. 71204-7-I/2

was final and mandated. The State initiated the proceedings to correct errors on the face of the judgment and sentence. An appeal from such proceedings is limited to review of the actions taken by the court and does not afford Gelin an opportunity to raise other challenges to his conviction and sentence.[1] Because the superior court simply corrected errors on the face of the judgment and sentence, our review is limited to those corrective actions. In his statement of additional grounds, Gelin questions the court's sentence corrections but fails to adequately inform this court of the nature of the alleged error as required by RAP 10.10(c).

The remaining claims on appeal are beyond the scope of review and amount to collateral attacks on Gelin's conviction and sentence.[2] To the extent

---

[1] In general, a defendant may not raise issues, including constitutional, double jeopardy, and sentencing issues, in a second appeal that were or could have been raised in an initial appeal unless the superior court exercised discretion on those issues in the proceedings from which the second appeal is taken. See State v. Wheeler, __ Wn.2d __ , __ P.3d __ (2015)(in appeal following remand of personal restraint petition, court rejected attempts to raise new issues under RAP 2.5(c) and RAP 12.2, holding that appellant could raise issues not raised in earlier direct appeal only if the court on remand exercised its independent judgment on such issues); State v. Kilgore, 167 Wn.2d 28, 37-41, 216 P.3d 393 (2009) (noting that new issues may be raised in a second appeal if they were addressed on remand following the initial appeal or in postjudgment motions, but holding that Kilgore could not challenge his sentence in his appeal following remand because the court on remand merely made corrective changes to his sentence and exercised no discretion); State v. Mandanas, 163 Wn. App. 712, 717, 262 P.3d 522 (2011) (holding that double jeopardy claim could not be raised for the first time in second appeal, that "even an issue of constitutional import cannot be raised in a second appeal," and that Mandanas still had an avenue of relief via personal restraint petition); State v. Barberio, 121 Wn.2d 48, 50, 846 P.2d 519 (1993) (refusing to review new challenge to an affirmed exceptional sentence not reconsidered at resentencing); State v. Toney, 149 Wn. App. 787, 791, 205 P.3d 944 (2009) (defendant could not raise double jeopardy and sentence issues in second appeal following remand because remand was for ministerial corrections). We note that same criminal conduct issues involve factual determinations and are therefore waived if not raised at sentencing, State v. Jackson, 150 Wn. App. 877, 892, 209 P.3d 553 (2009), and Gelin's claim that the court entered no findings supporting its exceptional sentence appears to be contradicted by the record in his prior appeal.

[2] Gelin admits as much in his statement of additional grounds, stating that his other claims "collaterally attack[] his sentences pursuant to RAP 16.3, and RAP 16.4."

- 2 -

No. 71204-7-I/3

they are not time-barred, such claims must be raised in a personal restraint petition. RAP 16.4; State v. Wheeler, __ Wn.2d __ , __ P.3d __ (2015).

Affirmed.

FOR THE COURT:

Cox, J.

Schindler, J.

Leach, J.