## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48087-5-II |
| Respondent, | |
| v. | |
| ANGEL ANTHONY FERNANDEZ, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Angel Anthony Fernandez appeals from his conviction and sentence of aggravated murder in the first degree. Although the trial court erred by denying Fernandez his right to a lawyer, the error was harmless. In a statement of additional grounds (SAG), Fernandez makes many assertions. Because the issues could have and should have been raised on his initial direct appeal, we do not consider them. We affirm.

### FACTS

The State charged Fernandez with aggravated murder in the first degree and felony murder in the first degree. A jury found Fernandez guilty of both charges. On August 3, 2000, the trial court sentenced Fernandez to life imprisonment without the possibility of release or parole.

Fernandez appealed his conviction. We affirmed in an unpublished opinion. *State v. Osalde*, noted at 116 Wn. App. 1039, 2003 WL 1875588. He subsequently filed a personal restraint petition which we denied. Order Denying Petition, No. 40204-1-II, (Wash. Ct. App. Dec. 6, 2010).

On May 14, 2015, approximately fifteen years after the jury convicted Fernandez, he filed a motion in the trial court to dismiss one of his two murder convictions based on double jeopardy grounds. Fernandez did not specify which count he wanted dismissed. He argued that although the court only sentenced him on the aggravated murder conviction, he was convicted of two counts of murder for one killing, and the judgment and sentence did not show a dismissal of the felony murder count. Fernandez moved for a hearing on his motion to dismiss and for an appointed lawyer.

On June 23, the trial court held a hearing to discuss whether Fernandez's motions had any merit. Fernandez was not present and he did not have representation. The trial court and the State agreed that once Fernandez was brought before the trial court, it could determine whether he needed a lawyer for his motion.

Fernandez appeared at the next trial court hearing. The State argued that, based on its understanding of the law, Fernandez did not have a right to a lawyer. The trial court denied Fernandez's motion for a lawyer and set the matter over for argument.

On July 21, the trial court heard arguments on Fernandez's motion regarding the alleged double jeopardy violation. The State conceded that the judgment and sentence should not have included the felony murder charge, even though the court did not sentence Fernandez on it. The State proposed an amended judgment and sentence that omitted the reference to the felony murder conviction. The State also noted that a conviction for felony murder did not appear in Fernandez's criminal record. Fernandez continued to argue that it was a clear double jeopardy violation.

Fernandez also argued that the aggravated murder charge was a greater crime than the felony murder charge, and he should be sentenced on the felony murder charge instead of the aggravated murder in the first degree conviction because it was a lesser charge. The trial court set the hearing over for more argument.

On July 21, Fernandez filed a motion for a new trial and to vacate his sentence of aggravated murder in the first degree. The State argued that Fernandez was not entitled to a new trial or resentencing on the vacated felony murder conviction.

Fernandez filed another motion to dismiss his judgment and sentence, arguing that because the State conceded a double jeopardy violation, his judgment and sentence was invalid on its face.

On August 25, the trial court heard more arguments on all of Fernandez's motions. It determined that no legal basis existed to sentence Fernandez solely on the lesser charge of felony murder. The trial court entered an amended judgment and sentence that listed only aggravated murder in the first degree under "Current Offenses." Clerk's Papers at 98. Fernandez's sentence remained "prison without parole." CP at 100.

Fernandez appeals.

## ANALYSIS

I.     RIGHT TO COUNSEL

Fernandez argues he was wrongfully denied his right to the assistance of counsel under CrR 3.1. We agree with Fernandez that the trial court should have appointed him a lawyer; however, the error was harmless.

3

A.      Legal Principles

CrR 3.1(b)(2) provides, "A lawyer shall be provided at every stage of the proceedings, including sentencing, appeal, and post-conviction review." The specific provision at issue here, CrR 3.1(b)(2), broadly describes the various stages of a criminal proceeding to which the right to counsel attaches, "including sentencing, appeal, and post-conviction review." But the right is not limitless.

With CrR 7.8 motions the trial court must initially determine whether they establish grounds for relief. *State v. Robinson*, 153 Wn.2d 689, 696, 107 P.3d 90 (2005). If no grounds for relief exist, the trial court may deny the motions without a hearing on the merits. *Robinson*, 153 Wn.2d at 696. If the motions do establish grounds for relief, counsel shall be provided. *Robinson*, 153 Wn.2d at 696.

CrR 7.8(b) allows a court to "relieve a party from a final judgment, order, or proceeding" for many reasons. A defendant bringing a CrR 7.8 motion must, however, support it "by affidavits setting forth a concise statement of the facts or errors upon which the motion is based." CrR 7.8(c)(1). A defendant is entitled to appointed counsel on a CrR 7.8 motion if the trial court initially determines that the motion establishes grounds for relief. *Robinson*, 153 Wn.2d at 699.

> CrR 7.8(b) provides that motions made under this rule are subject to RCW 10.73.090, .100, .130, and .140. These code provisions generally apply to collateral attacks and most notably to PRPs. This evinces a strong intention on the rule drafters' part that motions made under CrR 7.8 in superior court are subject to the same limitations, when appropriate, that apply to PRPs.

*Robinson*, 153 Wn.2d at 695-96. Thus, if motions filed under CrR 7.8 are not frivolous, the defendant should be provided counsel. *Robinson*, 153 Wn.2d at 696.

B.      Fernandez's Right to Counsel

Fernandez asserts that he was entitled to counsel at the State's expense under CrR 3.1(b)(2) when he moved to dismiss his conviction after sentencing pursuant to CrR 7.8.  We agree.

Here, Fernandez argued that one of his convictions should be dismissed because the judgment and sentence was invalid on its face and violated double jeopardy.  He argued that because he was convicted of two counts of murder for one killing and because the judgment and sentence did not indicate that the trial court dismissed the felony murder count, there was a double jeopardy violation.  The trial court allowed Fernandez to argue the issue, which showed that the trial court determined it was not frivolous.  Even though Fernandez's argument that he was sentenced for both convictions is inaccurate, the trial court held hearings on the issue.  And the State conceded the judgment and sentence was inaccurate and should be corrected to exclude the charge of felony murder that appeared on the first page of the judgment and sentence (without a count number).  Based on Fernandez's motions, the trial court entered a corrected judgment and sentence.  It is clear that Fernandez's motion established grounds for relief and he should have been provided counsel.  The trial court erred by denying Fernandez's motion to appoint him a lawyer.

C.      Harmless Error

A violation of a court rule may be harmless.  *Robinson*, 153 Wn.2d at 697.  Thus, reversal is warranted only if the error was prejudicial and there is a reasonable probability that the outcome of the motion would have been materially affected.  *Robinson*, 153 Wn.2d at 697.

There is not a reasonable probability that the outcome of Fernandez's motion would have been materially affected.  When a trial court is faced with multiple convictions for the same

conduct, it "'should enter a judgment on the greater offense only and sentence the defendant on that charge *without reference to the verdict* on the lesser offense.'"[1]  *State v. Turner*, 169 Wn.2d 448, 463, 238 P.3d 461 (2010) (quoting *State v. Trujillo*, 112 Wn. App. 390, 411, 49 P.3d 935 (2002)).  The trial court sentenced Fernandez on the aggravated murder charge and vacated the felony murder charge; therefore, the trial court's error in failing to provide Fernandez counsel was harmless.  *In re Strandy*, 171 Wn.2d 817, 819-20, 256 P.3d 1159 (2011); *Turner*, 169 Wn.2d at 465.

II.    SAG

"[T]he general rule is that a defendant is prohibited from raising issues on a second appeal that were or could have been raised on the first appeal."  *State v. Mandanas*, 163 Wn. App. 712, 716, 262 P.3d 522 (2011).  Even issues of constitutional import often cannot be raised in a second appeal.  *Mandanas*, 163 Wn. App. at 717.  "'Even though an appeal raises issues of constitutional import, at some point the appellate process must stop.  Where, as in this case, the issues could have been raised on the first appeal, we hold they may not be raised in a second appeal.'"  *Mandanas*, 163 Wn. App. at 717 (quoting *State v. Sauve*, 100 Wn.2d 84, 87, 666 P.2d 894 (1983)).  All of the issues Fernandez raises in his SAG are issues that could have and should have been raised on his first direct appeal or in his personal restraint petition.  Therefore, we do not address his SAG issues.

---

[1] A trial court "may violate double jeopardy *either* by reducing to judgment both the greater and the lesser of two convictions for the same offense *or* by conditionally vacating the lesser conviction while directing, in some form or another, that the conviction nonetheless remains valid."  *Turner*, 169 Wn.2d at 464.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Bjorgen, C.J.

Maxa, J.