# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48865-5-II |
| Respondent, | |
| v. | |
| PEDRO GODINEZ JR. | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Pedro Godinez Jr. appeals his sentence. We conclude that the trial court did not err by imposing an exceptional sentence or an excessive one. We affirm.

## FACTS

A jury found Godinez guilty of attempted murder in the first degree (count I), kidnapping in the first degree (count II), and robbery in the first degree (count III). By special verdict, the jury found that Godinez was armed with a firearm for each count. Also by special verdict, the jury found two aggravating circumstances for each count: Godinez manifested deliberate cruelty to the victim and demonstrated or displayed an egregious lack of remorse. Finally, the jury also found Godinez guilty of unlawful possession of a firearm in the first degree (count V).

The trial court sentenced Godinez to an exceptional sentence of 607.75 months of confinement[1] because the jury found aggravating circumstances. The trial court entered findings of fact and conclusions of law for the exceptional sentence, based on the jury's findings of the aggravating factors. The actual document did not contain new findings. The document stated "see attached findings of jury." Clerk's Papers (CP) at 60. Based on those findings by the jury, the court determined "to run Count 5 consecutively to Counts 1 and 2 as an exceptional sentence." CP at 60.

Godinez appealed his conviction and sentence. In an unpublished opinion, we remanded for resentencing because the trial court improperly added a point to his offender score.[2] We did not reverse the exceptional sentence. *Godinez*, No. 46153-II, slip op. at 8.

At resentencing, with the corrected offender score, the standard ranges for each of Godinez's convictions including enhancements were as follows: attempted murder was 313.5 to 397.5 months of confinement; kidnapping in the first degree was 111 to 128 months of confinement; and unlawful possession of a firearm in the first degree was 57 to 75 months of confinement.

The trial court stated that multiple aspects of sentencing remained unchanged on remand: the criminal history, the convictions entered, and the exceptional circumstances found by the jury. The court called the case "an egregious case . . . not a case you forget." Report of Proceedings (RP) at 28-29. The trial court noted that the only change was one less point on Godinez's offender

---

[1] The standard ranges for each of Godinez convictions with the incorrect offender score including enhancements were as follows: attempted murder in the first degree was 337.5 to 429.75 months; kidnapping in the first degree was 111 to 128 months; and unlawful possession of a firearm in the first degree was 67 to 89 months. The court vacated Godinez's conviction for robbery in the first degree.

[2] *State v. Godinez*, No.46153-6-II (Wash. Ct. App. Dec. 15, 2015) (unpublished), https://www.courts.wa.gov/opinions.

score. The court stated, however, that the same sentencing range, or even higher, was within its available sentencing options on remand. For those reasons, the trial court chose not to depart significantly from the prior sentencing range and after considering the change in calculations from the new offender score, sentenced Godinez to an exceptional sentence of 600 months of confinement. The court again entered findings of fact and conclusions of law for the exceptional sentence, which included the jury's findings of the aggravating factors.[3] Godinez appeals.

ANALYSIS

As an initial matter, the State argues that we should decline to review the issues on appeal because Godinez could have raised this issue on his first appeal and did not. We conclude that the issues are not barred and consider the merits of the appeal.

"The general rule is that a defendant is prohibited from raising issues on a second appeal that were or could have been raised on the first appeal." *State v. Mandanas*, 163 Wn. App. 712, 716, 262 P.3d 522 (2011). However, we have also stated that a defendant "may raise sentencing issues on a second appeal if, on the first appeal, the appellate court vacates the original sentence or remands for an entirely new sentencing proceeding, but not when the appellate court remands for the trial court to enter only a ministerial correction of the original sentence." *State v. Toney*, 149 Wn. App. 787, 792, 205 P.3d 944 (2009).

Similarly to our decision in *Toney*, we unequivocally "remand[ed] for resentencing." *Godinez*, No. 46153-6-II, slip op. at 8. Godinez's sentence was not final because our remand did not limit the trial court to making a ministerial correction. Accordingly, we consider the appeal.

---

[3] The court attached the jury's findings to the written findings and conclusions and stated that based on those findings, the court determined "to run Count 5 consecutively to Counts 1 and 2 as an exceptional sentence." CP at 174.

I.    IMPOSITION OF EXCEPTIONAL SENTENCE

Godinez argues that even assuming the aggravating factors found by the jury were supported by substantial evidence,[4] the facts do not, as a matter of law, create "substantial and compelling reasons" to justify an exceptional sentence.  Br. of Appellant at 4.  Godinez argues that the trial court's findings of fact and conclusions of law were insufficient to permit review because the court did not provide any reasoning to justify the exceptional sentence.  We disagree with Godinez on both points.

The Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, permits a court to order a sentence above the standard range "if it finds . . . that there are substantial and compelling reasons justifying an exceptional sentence."  RCW 9.94A.535.  A sentence outside the standard range may be reversed if "either that the reasons supplied by the sentencing court are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard sentence range for that offense; or . . . that the sentence imposed was clearly excessive or clearly too lenient."  RCW 9.94A.585(4).

Review of a court's imposition of an exceptional sentence is governed by RCW 9.94A.585.  An appellate court determines the appropriateness of an exceptional sentence by answering three questions:

> "(1) under a clearly erroneous standard, there is insufficient evidence in the record to support the reasons for imposing an exceptional sentence; (2) under a de novo standard, the reasons supplied by the sentencing court do not justify a departure from the standard range; or (3) under an abuse of discretion standard, the sentence is clearly excessive or clearly too lenient."

*State v. Feely*, 192 Wn. App. 751, 770, 368 P.3d 514 (quoting *State v. France*, 176 Wn. App. 463, 469, 308 P.3d 812 (2013)), *review denied*, 185 Wn.2d 1042, 377 P.3d 762 (2016).  Because

---

[4] Godinez does not challenge the jury's finding of either aggravating factor.

Godinez challenges the trial court's reasons for imposing the exceptional sentence and argues the trial court failed to properly include substantial and compelling reasons within its findings of fact and conclusions of law to justify the exceptional sentence, we review the issue de novo. *Feely*, 192 Wn. App. at 770.

Prior to 2004, Washington courts allowed sentence enhancements to be imposed based on the trial court's own factual findings, as opposed to the jury's, and without requiring proof beyond a reasonable doubt. *In re Pers. Restraint of Jackson*, 175 Wn.2d 155, 159, 283 P.3d 1089 (2012). In 2004, the Supreme Court held that all factual findings necessary to impose a sentence beyond the statutory range must be submitted to the jury and proved beyond a reasonable doubt. *Blakely v. Washington*, 542 U.S. 296, 301-04, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Now, if the jury finds the alleged aggravating circumstances beyond a reasonable doubt, the trial judge is bound by the jury's finding and left "only with the legal conclusion of whether the facts alleged and found were sufficiently substantial and compelling to warrant an exceptional sentence." *State v. Suleiman*, 158 Wn.2d 280, 290-91, 143 P.3d 795 (2006); *State v. Williams–Walker*, 167 Wn.2d 889, 899, 225 P.3d 913 (2010); *State v. Hale*, 146 Wn. App. 299, 306, 189 P.3d 829 (2008); *see also* RCW 9.94A.537(6).

The legislature has since amended our statutes to conform to *Blakely*, but RCW 9.94A.535 still requires a trial court to enter findings of fact and conclusions of law to justify sentences outside the standard range. *Hale*, 146 Wn. App. at 306. Specifically, it provides that "the court shall set forth the reasons for its decision in written findings of fact and conclusions of law." RCW 9.94A.535.

Here, the jury found two aggravating factors based on the evidence presented at trial: that Godinez acted with deliberate cruelty and a lack of remorse. By incorporating the jury's findings into its written findings and concluding that an exceptional sentence upward was appropriate based on the jury's findings, the trial court found substantial and compelling reasons justifying the exceptional sentence. Its reasons for imposing an exceptional sentence are clear and reviewable. RCW 9.94A.535 does not require the court to recite the words "substantial and compelling," which would not substantively add to the court's reasoning for imposing the sentence. Therefore, the trial did not err by imposing the exceptional sentence.

## II.    EXCESSIVE EXCEPTIONAL SENTENCE

Godinez argues that the exceptional sentence imposed was excessive and should be reversed.[5] We disagree.

A sentence outside the standard range may be reversed if the reviewing court finds that the sentence imposed was clearly too excessive. RCW 9.94A.585(4)(b). "Whether a sentence is clearly too excessive is reviewed for an abuse of discretion." *State v. Mann*, 157 Wn. App. 428, 441, 237 P.3d 966 (2010). "A trial court abuses its discretion if its decision is based on manifestly unreasonable or untenable grounds." *Mann*, 157 Wn. App. at 441.

---

[5] Godinez also argues that the trial court erred because it "in effect" imposed "essentially the same sentence" as the initial sentence. Br. of Appellant at 10. Godinez cites no authority for his argument that upon reduction of an offender score, the trial court must reduce the length of a properly imposed exceptional sentence. He also cites no authority that the trial court lacks the discretion to impose "essentially the same sentence" after remand to correct an offender score. Br. of Appellant at 10. We do not consider conclusory arguments that are unsupported by citation to authority. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.3d 549 (1992). Failure to provide argument and citation to authority in support of an assignment of error precludes appellate consideration under RAP 10.3(a)(6). *Cowiche Canyon*, 118 Wn.2d at 809. Regardless, the trial court did not sentence Godinez with the same sentence.

When a sentencing court bases an exceptional sentence on proper reasons, the sentence is excessive only if its length, in light of the record, "'shocks the conscience.'" *State v. Knutz*, 161 Wn. App. 395, 410-11, 253 P.3d 437 (2011) (quoting *State v. Kolesnik*, 146 Wn. App. 790, 805, 192 P.3d 937 (2008) (internal quotations omitted)). "A sentence that shocks the conscience is one that 'no reasonable person would adopt.'" *Knutz*, 161 Wn. App. at 411 (quoting *State v. Halsey*, 140 Wn. App. 313, 324-25, 165 P.3d 409 (2007)).

Here, the jury found both of the aggravating factors that the State alleged, i.e. deliberate cruelty to the victim and an egregious lack of remorse. The jury's findings were based on the evidence presented at trial. The court sentenced Godinez to the standard range on each count. The exceptional sentence involved a consecutive sentence on the unlawful possession of a firearm in the first degree conviction. The total sentence imposed on each count was significantly less than the statutory maximum terms the legislature provided for each of these offenses based on Godinez's offender scores: either imprisonment for life, for counts 1 and 2, or 10 years for count 5. *See* RCW 9A.28.020, RCW 9A.32.030, RCW 9A.32.040; RCW 9A.40.020; RCW 9A.56.200.

Given that the trial court has "'all but unbridled discretion in setting the length of the sentence,'" we conclude that the trial court's exceptional sentence does not "shock the conscience," especially, as the trial court noted, in light of the egregious nature of the case. *Knutz*, 161 Wn. App. at 411 (quoting *Halsey*, 140 Wn. App. at 325).

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Bjorgen, C.J.

_____
Sutton, J.