# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | ) | |
|---|---|---|
| | ) | No. 75115-8-I |
| Respondent, | ) | (consolidated w/76093-9-I) |
| | ) | |
| v. | ) | DIVISION ONE |
| | ) | |
| EDMOND MAYNOR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: February 12, 2018 |
| | ) | |

PER CURIAM. Edmond Maynor appeals an order of restitution entered on remand from our decision affirming his convictions for robbery and two counts of assault. See State v. Maynor, No. 70858-9-I (Wash. Ct. App. (Oct. 12, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/708589.pdf. Maynor's counsel on appeal contends the restitution order exceeded the scope of this court's remand "for resentencing." He asks this court to "vacate the restitution order and remand for reinstatement of the original order." The State concedes that the original restitution order should be reinstated. We accept the State's concession and remand for reinstatement of the original order of restitution.

In a "Statement of Additional Grounds for Review," Maynor contends his trial counsel was ineffective for failing to confront or cross-examine certain witnesses. But "[t]he general rule is that a defendant is prohibited from raising issues on a second appeal that were or could have been raised on the first appeal." State v. Fort, 190 Wn. App. 202, 233-34, 360 P.3d 820 (2015), review

No. 75115-8-I/2

denied, 185 Wn.2d 1011 (2016) (citing RAP 2.5(c); State v. Sauve, 100 Wn.2d 84, 87, 666 P.2d 894 (1983); State v. Mandanas, 163 Wn. App. 712, 716, 262 P.3d 522 (2011)). This rule applies even when the issue is one of constitutional magnitude. Mandanas, 163 Wn. App. at 716-17. Maynor offers no basis for concluding that the general rule does not apply to his ineffective assistance claim.

Maynor also contends the resentencing court erred in failing to include his good time and jail credit on the judgment and sentence. It is clear from the record, however, that the exact amount of credit was not known at the time of resentencing. The judgment and sentence awards Maynor "any/all earned early release as awarded by each facility." The court committed no error.

Remanded for reinstatement of the original order of restitution.

For the Court:

Trickey, ACJ

-2-