**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

STATE OF WASHINGTON,

　　　　　　　Respondent,

　　　　v.

ALLEN JAMES WILLIAMS,

　　　　　　　Appellant.

No. 82803-7-I

DIVISION ONE

UNPUBLISHED OPINION

　　　　BIRK, J. — Allen Williams challenges the trial court's order amending his judgment and sentence following remand to correct a sentencing error. In Williams's first appeal, this court affirmed his convictions but held that the combined term of confinement and community custody exceeded the statutory maximum as to five of his six convictions. Williams argues that remand is again required because his amended sentence continues to exceed the statutory maximum and because the trial court allowed him to appear at the remand hearing via videoconferencing from prison and did not affirmatively give him an invitation to speak. Williams also raises issues in his statement of additional grounds. Finding no error, we affirm.

　　　　　　　　　　　　　　　　FACTS

　　　　In January 2019, following a bench trial, the court convicted Williams of six counts of felony domestic violence violation of a no-contact order (VNCO), one count of driving under the influence (DUI), and one count of escape in the third

degree.  Based on an offender score of 19, the court imposed an above-range exceptional sentence consisting of 60-month concurrent standard range sentences on five of the VNCO convictions (as charged in counts 1, 5, 6, 7, and 8) and a consecutive 30-month sentence on the remaining VNCO conviction (as charged in count 4) for a total of 90 months of confinement.  The court also imposed 12 months of community custody for each VNCO count.

On appeal, Williams argued insufficient evidence supported all but one of the VNCO convictions, the court imposed a clearly excessive exceptional sentence, and the terms of community custody caused his sentence to exceed the statutory maximum on all but one of the VNCO convictions.  State v. Williams, No. 79652-6-I, slip op. at 1 (Wash. Ct. App. June 8, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/796526.pdf.  This court affirmed Williams's convictions and concluded that his sentence was not clearly excessive.  Id. at 9.  But it agreed Williams's concurrent 60-month sentences on the VNCO convictions as charged in counts 1, 5, 6, 7, and 8, when combined with their 12-month terms of community custody, exceeded the 60-month statutory maximum.  Id.  When a standard range term of confinement is combined with community custody, this combined term "shall be reduced by the court" if it exceeds the statutory maximum for the crime.  Former RCW 9.94A.701(9) (2010).  Accordingly, this court remanded to the trial court "to either amend the community custody terms or resentence on the applicable counts."  Id. at 10.

A hearing on remand took place on May 26, 2021. Williams appeared via videoconferencing from prison. The State asked the court to amend the judgment and sentence by striking the 12-month community custody term from the five VNCO counts on which the court had imposed 60 months of confinement. The State argued the 12-month community custody term should remain on count 4, the VNCO count on which the court had imposed only 30 months of confinement. Because the sentence on count 4 was consecutive to those on the other VNCO counts, the resulting amended sentence would still consist of 90 months of confinement followed by 12 months of community custody. Defense counsel concurred. The court entered the order.

Williams appeals.

## DISCUSSION

### I. Sentence

Williams argues that his amended sentence continues to exceed the statutory maximum. He contends that remand is again required to strike the 12-month term of community custody from count 4. The State argues that Williams is barred from challenging his original sentence on a second direct appeal following this court's limited remand to correct a sentencing error, and also that the amended sentence does not exceed the statutory maximum. We agree with the State.

A defendant is generally barred from raising issues in a second appeal that were or could have been raised in the first appeal. State v. Sauve, 100 Wn.2d 84,

3

87, 666 P.2d 894 (1983). RAP 2.5 allows a party to raise an issue not raised in an earlier appeal where "the trial court, on remand, exercised its independent judgment, reviewed and ruled again on such issue." State v. Barberio, 121 Wn.2d 48, 50, 846 P.2d 519 (1993). But a trial court's discretion to resentence on remand is limited by the scope of the appellate court's mandate. State v. Kilgore, 167 Wn.2d 28, 42, 216 P.3d 393 (2009). Where the appellate court vacates the original sentence or broadly remands for a new sentencing hearing, the defendant may raise sentencing issues not brought in the first appeal. State v. Toney, 149 Wn. App. 787, 792, 205 P.3d 944 (2009).

In contrast, the trial court does not retain the same discretion "when the appellate court remands for the trial court to enter only a ministerial correction of the original sentence." Id. Trial courts must strictly comply with directives from appellate courts that leave the trial court no discretion. State v. Schwab, 134 Wn. App. 635, 645, 141 P.3d 658 (2006). Where a trial court exercises no independent judgment on remand, there is no issue to review on appeal. Kilgore, 167 Wn.2d at 40. In such a case, "it is the original judgment and sentence entered by the original trial court that controls the defendant's conviction and term of incarceration." Id. at 40-41.

Here, our opinion specifically and narrowly instructed the trial court on remand "to either amend the community custody terms or resentence on the applicable counts." Williams, No. 79652-6-I, slip op. at 10. The record

4

demonstrates the court and the parties understood the purpose of the hearing was limited to amending the community custody terms on the five challenged counts. At the beginning of the hearing, the State noted, "[T]his matter comes on to basically amend a sentence that was imposed beyond the statutory maximum." Defense counsel "concur[red] entirely" with this approach:

> I think that the intent of the Court is clear in the Judgment and Sentence by simply striking the requirements of community custody from the counts that are at 60 months. There's no need for the Court to make any additional findings. And as I explained to Mr. Williams, sort of the sentences remained unchanged. He's going to . . .
>
> . . . .
>
> . . . serve 90 months as determined by [the] Department of Corrections and then 12 months of community custody as by statute. I think that squares all the circles that are required.

The court responded, "All right. On counts one, five, six, seven, and eight, I will maintain the sentence of 60 months in custody and amend the community custody to zero months." The court also indicated that if Williams did not authorize defense counsel to sign the document on his behalf, "I am going to sign it anyway because it doesn't modify any of the conditions really in relation to the sentence." At the conclusion of the hearing, the court did not enter a new judgment and sentence. Instead, it entered an "Order Amending Judgment and Sentence" striking community custody as to counts 1, 5, 6, 7, and 8 "since sentence was for [the] 60 month statutory maximum." The order expressly stated that "ALL other provisions of the Judgment and Sentence remain in force and effect."

5

Williams asserts review is appropriate because the trial court conducted a full resentencing hearing. He contends the court had to exercise discretion on remand to determine how to proceed. But the decision to correct a judgment and sentence is not an appealable act of independent judgment by the trial court. "[W]hen, on remand, a trial court has the choice to review and resentence a defendant under a new judgment and sentence or to simply correct and amend the original judgment and sentence, that choice itself is not an exercise of independent judgment by the trial court." Kilgore, 167 Wn.2d at 40. In such a case, "it is the original judgment and sentence entered by the original trial court that controls the defendant's conviction and term of incarceration." Id. at 40-41. It is clear that the court on remand did not exercise independent judgment regarding Williams's sentence. Williams did not challenge the community custody term on count 4 in his first appeal. That sentence is now final. Because the trial court exercised no discretion on this issue, Williams cannot challenge it in this appeal.

Appellate courts have authority "to address arguments belatedly raised when necessary to produce a just resolution." See State v. McFarland, 189 Wn.2d 47, 57, 399 P.3d 1106 (2017) (citing RAP 2.5(a)). We need not consider invoking this authority here, as Williams's sentence does not exceed the statutory maximum for his crimes. "[W]hen imposing an exceptional sentence the court has discretion to sentence defendants to the statutory maximum of each individual crime and run multiple convictions consecutively." State v. Weller, 197 Wn. App. 731, 735, 391

P.3d 527 (2017). "In such a situation, the total maximum allowable sentence exceeds the statutory maximum for each individual conviction." Id. Here, Williams's sentence on count 4 (30 months of confinement plus 12 months of community custody) and his amended sentence on the remaining VNCO counts (60 months of confinement) are each individually less than the statutory maximum. Because the sentence on count 4 runs consecutively to those on the remaining counts, the total sentence does not exceed the allowable statutory maximum.

Williams relies on this court's unpublished opinion in State v. Nord, but that case does not support a different conclusion. No. 77435-2-I, slip op. (Wash. Ct. App. January 22, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/774352.PDF. In Nord, the sentencing court imposed 10 years of confinement for unlawful delivery and 2 years for unlawful possession to run concurrently, plus a 12-month term of community custody. Id. at 3. Because the 10-year total term of confinement combined with the 12-month community custody term exceeded the 5-year maximum sentence for unlawful possession, this court held that remand was required to correct the unlawful sentence. Id. at 9. But here, unlike Nord, the court imposed a consecutive sentence. Williams's amended sentence is lawful.

II. Right to Allocute and Be Present

Williams argues the trial court erred by allowing him to appear at the hearing via videoconferencing from prison and by allowing him to appear without giving him an opportunity to be heard. These claims present questions of law that this

court reviews de novo. In re Pers. Restraint of Brooks, 166 Wn.2d 664, 667, 211 P.3d 1023 (2009).

Williams first argues remand is required because the trial court failed to provide him with an opportunity to be heard at his resentencing hearing. A person convicted of a crime has "the right to allocute" before the court imposes a sentence. State v. Canfield, 154 Wn.2d 698, 703, 116 P.3d 391 (2005). Allocution is "a significant aspect of the sentencing process" that a sentencing court "should scrupulously follow." In re Pers. Restraint of Echevarria, 141 Wn.2d 323, 336-37, 6 P.3d 573 (2000). RCW 9.94A.500(1) expressly allows argument from the defendant at a sentencing hearing. However, as previously discussed, the hearing at issue in this case was not a sentencing hearing. Rather, the purpose of the hearing was to enter an order amending Williams's judgment and sentence pursuant to this court's mandate. His sentence did not change and he was not at risk of losing any additional liberty. Moreover, nothing in the record indicates that Williams asked to speak. Williams cites no authority supporting a right to allocution under these circumstances.

Williams next argues the trial court violated his right to appear in person at the hearing. "As a matter of due process, '[a] criminal defendant has a fundamental right to be present at all critical stages of a trial.'" State v. Jones, 185 Wn.2d 412, 426, 372 P.3d 755 (2016) (alteration in original) (quoting State v. Irby, 170 Wn.2d 874, 880, 246 P.3d 796 (2011)). Thus, "[a] defendant has a constitutional right to

be present at sentencing, including resentencing." State v. Ramos, 171 Wn.2d 46, 48, 246 P.3d 811 (2011). But a defendant has no constitutional right to be present "when a hearing on remand involves only a ministerial correction and no exercise of discretion." Id. Williams likens his case to that of the defendant in Ramos. There, our Supreme Court held that the defendant had the right to be present at his resentencing hearing because "the trial court's duty on remand is not merely ministerial" and the court must exercise its discretion. Id. at 49. But here, unlike in Ramos, the hearing was strictly ministerial and the trial court did not exercise discretion.

Williams also contends that the court failed to follow CrR 3.4(e)(2), which authorizes videoconference hearings only for proceedings listed by court rule or "by agreement of the parties, either in writing or on the record." Williams asserts that the parties did not formally agree to proceed without his presence in court. The State argues this claim is not reviewable because the writings scheduling the hearing and discussing how Williams would appear are not part of the record.

As a general rule, this court will not consider a claim of error raised for the first time on appeal unless the defendant shows it is a "manifest error affecting a constitutional right." RAP 2.5(a)(3); State v. O'Hara, 167 Wn.2d 91, 97-98, 217 P.3d 756 (2009). "'Manifest' in RAP 2.5(a)(3) requires a showing of actual prejudice." State v. Kirkman, 159 Wn.2d 918, 935, 155 P.3d 125 (2007). We agree

with the State the alleged error is not manifest in the record before this court and Williams has not demonstrated prejudice.

Williams further argues State v. Jackson, 195 Wn.2d 841, 467 P.3d 97 (2020) prohibits any videoconferencing from prison. The Jackson court held that shackling the defendant in his pretrial hearings without an individualized determination that shackles were necessary violated his constitutional rights and that the error was not harmless. Id. at 845. The court's analysis focused on the history of shackles and restraints as a means of control and oppression in American history. Id. at 850-51. Nothing in the record indicates that Williams was shackled while appearing on video. We decline to read Jackson for the broad proposition that any videoconference appearance from prison violates the defendant's constitutional rights.

III. Statement of Additional Grounds

Williams filed a pro se statement of additional grounds for review (SAG). See RAP 10.10. He appears to argue his constitutional rights were violated because (1) the State withheld exculpatory portions of the video and audio recordings of his traffic stop and (2) the trial court admitted into evidence completed calls Williams made from jail to the person protected by the no-contact order, even though she did not testify at trial.

Although the precise nature of Williams's claims is unclear, both appear to be directed to alleged evidentiary errors that occurred during trial. Williams raised

similar claims in his SAG in the first appeal, which this court rejected. Williams's current arguments amount to a new challenge to the merits of his convictions and are beyond the scope of this court's narrow remand to correct a sentencing error. Accordingly, we do not reach them. See Barberio, 121 Wn.2d at 50 (appellate court will consider a new issue on the second appeal only if the trial court, on remand, exercised independent judgment and reviewed and ruled again on the issue); State v. Mandanas, 163 Wn. App. 712, 716, 262 P.3d 522 (2011) (defendant generally barred from raising issues that were or could have been brought in first appeal).

Affirmed.

_____
Birk, J.

WE CONCUR:

_____      _____
Chung, J.                     Mann, J.